### WILLIAM PETERS v. WATERS INSTRUMENTS, INC.

251 N. W. 2d 114.

February 10, 1977—No. 46696.

*Rider, Bennett, Egan, Johnson & Arundel, Lee T. Peterson,*
and *William J. George,* for appellant.

*Fredrikson, Byron, Colborn, Bisbee & Hansen* and *Jerome B. Pederson,* for respondent.

Heard before Rogosheske, Peterson, and MacLaughlin, JJ., and considered and decided by the court en banc.

PER CURIAM.

Plaintiff appeals from an order of the district court, and from the judgment entered thereon, dismissing with prejudice his action for damages arising out of his former employment by defendant. Defendant's motion to dismiss was brought on two grounds: (1) Failure to prosecute, pursuant to Rule 41.02(1), Rules of Civil Procedure; and (2) insufficiency of service of process, pursuant to Rule 12.02(4), Rules of Civil Procedure. The trial court's original order of dismissal referred only to a dismissal "for lack of prosecution." A second order denying plaintiff's motion to vacate the first order of dismissal referred to "lack of prosecution and insufficient service of process." No findings of fact, conclusions of law, or memorandum accompanied the district court's orders. For the reasons stated herein, we reverse.

Plaintiff, William Peters, an employee of defendant, Waters Instruments, Inc.,[1] was appointed eastern regional marketing manager for defendant's air conveying division in April 1962, pursuant to a 1-year, letter agreement and separate sales commission agreement. In May 1966, a disagreement developed over Peters' commissions and, as a result, Peters wrote a letter to defendant's sales manager resigning effective June 15, 1966. Subsequently, there were negotiations concerning terminal pay, commissions, and expenses, but Peters refused to accept the amount offered by defendant.

Thereafter, in 1968, Peters retained attorney William G. Dres-

---

[1] At the time of plaintiff's employment, defendant was known as Flo-Tronics, Inc. It is now known as Waters Instruments, Inc.

sel to bring suit against defendant. On May 17, 1968, Dressel wrote to the Hennepin County Sheriff requesting service of the summons and complaint upon "one of the defendant's officers." The parties concede that on May 23, 1968, a deputy sheriff served a copy of the summons and complaint upon Sylvia Weerts, employed by defendant as the supervisor of bookkeepers in its accounting department, and prepared a sheriff's return of service which was attached to the summons and complaint.

The essence of the complaint was that Peters had not been paid all of the commissions and expenses to which he was entitled. Defendant answered the complaint, and commenced discovery proceedings by taking Peters' deposition. During the deposition Peters stated that he had to examine certain records of defendant to determine the total dollar value of what he was owed, and Peters agreed to furnish defendant, through Peters' attorney, with information helpful in ascertaining the claimed damages.

Thereafter, in September 1968, attorney Dressel served and filed a note of issue. The file came up for review by defendant's attorney in June 1969. He sent a letter to Dressel indicating defendant's willingness to make an offer of settlement and suggesting that the attorneys meet to discuss settlement within the week. Defendant's attorney never received either a written or a verbal response to his letter.

In November 1969 the assets of the air conveying division of defendant were sold to a Texas corporation and the business records of the company were transferred to Houston.

From the time of defendant's settlement offer in June 1969 until September 1975, there was no communication between the parties or their attorneys. Peters was a resident of Canada during this period and alleges that when he telephoned Dressel and left messages he often received no response. On other occasions when Peters was able to reach Dressel, he was told that the case was on the court calendar, but the calendar was crowded and it would be "quite some time" before the matter came to trial. On still other occasions, Dressel told Peters that he had heard noth-

ing yet about trial but "would get into the file." Peters further alleges that he was never informed by Dressel that defendant had made an offer of settlement.

In June 1975 Dressel finally told Peters that he was heavily involved in other matters and would not be able to handle the case. Dressel withdrew as Peters' attorney on August 25, 1975. In September 1975 defendant's counsel was informed that Peters had hired a new lawyer, the counsel appearing for him on this appeal.

In January 1976 defendant's motion in district court to dismiss the action was granted. This appeal follows a denial of plaintiff's motion to vacate the order of dismissal and reinstate the action.

1. Rule 41.02(1), Rules of Civil Procedure, provides as follows:

"The court may on its own motion, or upon motion of a party, and upon such notice as it may prescribe, dismiss an action or claim for failure to prosecute or to comply with these rules or any order of the court."

We have long recognized that public policy requires reasonable diligence in bringing litigation to a close and that parties should not be permitted to drag suits on for unreasonable periods of time since witnesses die or disappear and facts fade from memory. Wheeler v. Whitney, 156 Minn. 362, 194 N. W. 777 (1923). A trial court has discretion to dismiss a suit where the plaintiff's failure to exercise reasonable diligence is wholly unexcused and both the nature of the claim and the situation of the parties calls for the exercise of such diligence. General Minnesota Utilities Co. v. Carlton County Co-op. Power Assn. 221 Minn. 510, 22 N. W. 2d 673 (1946).

However, an order of dismissal with prejudice must be justified by the facts and circumstances peculiar to each case. Kielsa v. St. John's Lutheran Hospital Assn. 287 Minn. 187, 177 N. W. 2d 420 (1970). Since a dismissal with prejudice is a drastic form of relief, it should be granted only in exceptional circumstances

where there are "considerations of wilfulness and contempt for the authority of the court or the litigation process, in addition to prejudice to the parties involved." 2 Hetland and Adamson, Minnesota Practice, p. 195 (1970).

We stated in Firoved v. General Motors Corp. 277 Minn. 278, 283, 152 N. W. 2d 364, 368 (1967):

"An order of dismissal on procedural grounds runs counter to the primary objective of the law to dispose of cases on the merits. Since a dismissal with prejudice operates as an adjudication on the merits, it is the most punitive sanction which can be imposed for noncompliance with the rules or order of the court or for failure to prosecute. It should therefore be granted only under exceptional circumstances. The primary factor to be considered in determining whether to grant a dismissal with or without prejudice is the prejudicial effect of the order upon the parties to the action * * *."

Defendant contends that it will be prejudiced by the fact that witnesses and records must be brought from distant locations, thereby increasing the cost of its defense. The records were sent to Texas in November 1969, only 18 months after this action was commenced. It is difficult to see why there would be greater hardship today for defendant to obtain the records pertaining to Peters' commission accounts than in 1969. Further, according to the affidavit of Peters' attorney, and confirmed at oral argument by counsel, the present locations of the essential witnesses are known. The assertions by defendant that the determination of their testimony would be expensive and time-consuming is not sufficient prejudice to justify the dismissal particularly since those witnesses who reside outside the state have done so since the time this action was brought.

Defendant does not deny its indebtedness to Peters but only contests the amount. Dismissal with prejudice bars Peters' right to payment of the amount owed and serves to unjustly enrich defendant. Therefore, we have decided under the facts of this

case, including the neglect of Peters' counsel in the face of Peters' own diligence in attempting to move him to act, that justice and equity require a reversal of the dismissal with prejudice.

2. Defendant also argues that it was improperly served with process. No evidence of improper service was submitted to the trial court prior to the time the action was dismissed and judgment was entered for defendant, but certain affidavits were presented by defendant at the time Peters brought his motion to vacate the previous order to dismiss. In the face of an affidavit of service by the sheriff, the burden is upon defendant to show improper service. The trial court made no finding of fact regarding the question of whether defendant had shown improper service. We hold, based upon our review of the record, that the burden has not been met.

Reversed.