**Wilfred SCHERER, Respondent,**

v.

**George HANSON, III, Appellant,**

**James Richards, Appellant.**

**No. 48373.**

Supreme Court of Minnesota.

Aug. 25, 1978.

Rischmiller, Wasche & Knippel, Minneapolis, David Nord, St. Paul, for Hanson.

Popham, Haik, Schnobrich, Kaufman & Doty and Frederick S. Richards and Clifford M. Greene, Minneapolis, for Richards.

Perbix, Harvey, Simons & Thorfinnson, Hopkins, for respondent.

PER CURIAM.

This is an appeal from an order of the Hennepin County District Court denying the defendants' motions to dismiss plaintiff's cause of action for failure to prosecute. We affirm.

This action was brought by plaintiff in November 1969 to recover for damages to his property allegedly caused by defendant Richards and another while blasting July 25, 1969, on adjacent property owned by defendant Hanson.

In December 1969 answers were interposed by both defendants. Thereafter, and in July 1970, plaintiff's then counsel arranged for defendants an inspection of the property by two men knowledgeable in the subject of damages caused by blasting, Professor Holtby and James Fillman. The inspection took place on July 14, 1970.

Thereafter plaintiff did nothing to further pursue the law suit. Defendants in October 1977 moved the court for an order dismissing plaintiff's action for lack of prosecution pursuant to Rule 41.02, subd. 1, Rules of Civil Procedure. Defendant Hanson's motion was supported by an affidavit of his counsel contending that defendants would be prejudiced because of the unavailability of witnesses and records due to the lapse of so long a period of time. Significantly, in the moving papers no mention was made of the availability of Professor Holtby. In a subsequent affidavit defendant's counsel disclosed that an adjusting company which investigated the occurrence on behalf of the defendants no longer had any information on the case and that one of the experts, James Fillman, no longer was available for testimony. Disclosed also was that two people to be called as witnesses were neighbors and had recently moved and their whereabouts were unknown.

Defendant Richards' motion to dismiss was pursuant to Rules 12 and 41.01. The motion was supported by an affidavit by Richards in which he disclosed that he recalls doing some blasting for Mr. Hanson but that the work was done by a corporation he had formed. He claimed he had no independent recollection of any problem arising out of the blasting and no records of the event.

Plaintiff responded to the motion by affidavit in which he relates the occurrence of the blasting on Hanson's land adjacent to his. He engaged a lawyer to represent him. Plaintiff stated that he called the lawyer about once a month regarding the status of the case. He was reassured on each call that the case would soon be called for trial. In the fall of 1976 he informed his lawyer that unless something was done he would hire other counsel. Plaintiff then engaged his present counsel, who immediately started discovery by forwarding interrogatories to the defendants. The response to interrogatories revealed that Professor Holtby took pictures of the alleged damage and purportedly claimed that the damage to the property evidenced by cracks was old and had long existed prior to the blast. There was also a showing that the two neighbors were in fact available and their current addresses were made known.

Rule 41.02, subd. 1, Rules of Civil Procedure, provides that:

"The court may, on its own motion, or upon motion of a party, and upon such notice as it may prescribe, dismiss an action or claim for failure to prosecute * * *."

The determination of whether to dismiss an action for failure to prosecute is within the discretion of the trial court. *Stevens v. School Board of Ind. Dist. No. 271*, 296 Minn. 413, 414, 208 N.W.2d 866, 867 (1973); *Firoved v. General Motors Corp.*, 277 Minn. 278, 282, 152 N.W.2d 364, 368 (1967). We have, however, provided the trial court with guidelines to follow in exercising this discretion. Before an action should be dismissed for failure to prosecute, it must be shown: (1) that the delay prejudiced the defendant, and (2) that the delay was unreasonable and inexcusable.[1] *Stevens v. School Board of Ind. Dist. No. 271, supra; Firoved v. General Motors Corp., supra.*

Here, there was substantial evidence before the trial court that the delay caused

---

1. In their briefs, all parties question whether our decision in *Peters v. Waters Instruments, Inc.*, Minn., 251 N.W.2d 114 (1977), should be interpreted as establishing a new standard by which to judge these motions. An analysis of our holding in *Peters* shows it to be based on these same two general considerations. See, Minn., 251 N.W.2d 117.

the defendants no real prejudice. In his answer, defendant Hanson admitted that blasting had occurred on his property on July 23, 1969. Defendant Richards, in his affidavit, admitted to doing the blasting as an employee of Richards & Richards, Inc. Whether or not the blasting caused plaintiff's damages is a matter to be covered by opinion evidence. As defendants' expert witness remains ready to testify at trial on this issue, the delay has not prejudiced them. Additionally, the trial court must have been persuaded by the availability of two of defendant Hanson's former neighbors contrary to the representations of defense counsel.

The trial court was also presented with a reasonable excuse for the delay. The record clearly shows that the failure to prosecute was due to the neglect of plaintiff's former counsel in the handling of the case. Plaintiff's affidavit revealed that he had called his former counsel monthly to check on the status of his case. The comment in Hetland and Adamson to Rule 41.02, subd. 1, reads in part:

" * * * The court should, however, consider the cause for the delay. * * * The court should be reluctant to penalize the party for conduct attributable primarily to his attorney." 2 Hetland and Adamson, Minnesota Practice, p. 196 (1970).

Testing the evidence presented to the trial court by the appropriate considerations, it is clear that the court was correct in its conclusion.

Affirmed.

KELLY, J., took no part in the consideration or decision of this case.