Ernestine W. BELTON, Appellant,

v.

The CITY OF MINNEAPOLIS, Minnesota, Hennepin County Department of Social Services, Greater Minneapolis Day Care Association, et al., Respondents.

No. CO–86–464.

Court of Appeals of Minnesota.

Sept. 16, 1986.

Review Denied Nov. 19, 1986.

Peter W. Brown, Minneapolis, for appellant.

Bob Alfton, Minneapolis City Atty., Gary J. Hjort, Asst. City Atty., Minneapolis, for The City of Minneapolis.

Thomas J. Johnson, Hennepin Co. Atty., Leonard D. Brod, Asst. Co. Atty., Minneapolis, for Hennepin County Dept. of Social Services.

Frederick E. Finch, Minneapolis, for Greater Minneapolis Day Care Ass'n.

Heard, considered and decided by LESLIE, P.J., and WOZNIAK and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

This case raises the question whether the unreasonable and inexcusable length of plaintiff's delay, without a separate showing of substantial prejudice to defendant, is sufficient to support a judgment of dismissal for failure to prosecute. The trial court entered judgment dismissing with prejudice Ernestine Belton's wrongful discharge claim against respondents. We affirm.

## FACTS

Appellant Belton originally brought a federal court suit against respondents in 1975, alleging she had been wrongfully discharged from her employment. The parties engaged in extensive discovery and declared themselves ready for trial in October 1978. However, after Belton filed the present action in state court in January 1979, alleging similar claims, the federal court deferred to the state court proceedings.

Two years passed before appellant proceeded with the case by serving interrogatories on all respondents. Another three years passed before she next acted; she moved to amend her complaint and for a pretrial conference. Respondents countered with a motion for dismissal of the case for failure to prosecute.

Defending against the motion to dismiss, appellant's attorney explained that the delay in pursuing the suit was due to his financial difficulties and appellant's inability to pay him, as well as the complex nature of the suit and a lack of cooperation by respondents. He reassured the court that he had recently been able to devote significant time to the case, resulting in the amended complaint and a lengthy memorandum in support of his motion for a pretrial hearing. He stated that under the circumstances he was proceeding with as much haste as possible.

Respondents countered that appellant's delay was unreasonable and inexcusable, given that substantial discovery had already been completed in the federal proceedings. They also argued that the delay resulted in substantial prejudice to them, pointing to appellant's failure to authenticate documents or to preserve testimony through depositions. They alleged that several witnesses were no longer available and that those who were available would not be able to clearly recall events that occurred nearly ten years previously.

The trial court granted the motion to dismiss, stating that although appellant's financial difficulties were to be considered in evaluating the reasonableness of delay, the difficulties were "insufficient to justify the considerable delay in the prosecution of this case." The court further held that respondents had shown that the faded memories of some witnesses and the unavailability of others would prejudice them. The court entered judgment for respondents; Belton appeals.

## ISSUE

Did the trial court err by dismissing the action with prejudice for failure to prosecute?

## ANALYSIS

■ Trial courts may dismiss an action for failure to prosecute. Minn.R.Civ.P. 41.-

02(1). "Use of Rule 41.02(1) is infrequent and is within the sound discretion of the trial court." *Bonhiver v. Fugelso, Porter, Simich and Whiteman, Inc.*, 355 N.W.2d 138, 144 (Minn.1984). The record must be reviewed in the light most favorable to the trial court. *Zuleski v. Pipella*, 309 Minn. 585, 586, 245 N.W.2d 586, 587 (1976).

▉ The supreme court has repeatedly noted that dismissal runs contrary to the primary objective of the law to dispose of cases on their merits. *Bonhiver*, 355 N.W.2d at 144. Because of the severity of the relief, public policy will support dismissal only in "exceptional circumstances where there are considerations of wilfulness and contempt for the authority of the court or the litigation process, in addition to prejudice to the parties involved." *Peters v. Waters Instruments, Inc.*, 312 Minn. 152, 155–56, 251 N.W.2d 114, 116 (1977). At the same time, public policy also requires due diligence in the prosecution of cases. Thus, trial courts are granted the discretion to dismiss suits where the failure to exercise reasonable diligence is unexcused, and the nature of the claim requires the exercise of such diligence. *DeMars v. Robinson King Floors, Inc.*, 256 N.W.2d 501, 504 (Minn.1977).

Mindful of these competing public policies, the supreme court has established specific guidelines for use by the trial courts. Dismissal for failure to prosecute is "appropriate *only when* (1) the delay prejudiced the defendants; *and* (2) the delay was unreasonable and inexcusable." *Bonhiver*, 355 N.W.2d at 144 (emphasis in original) (citing *Scherer v. Hanson*, 270 N.W.2d 23, 24 (Minn.1978) (per curiam)). *Cf. Firoved v. General Motors Corp.*, 277 Minn. 278, 283, 152 N.W.2d 364, 368 (1967) (under extraordinary circumstances a dismissal with prejudice might be justified even though no prejudice to defendant is shown).

▉ There is compelling evidence that appellant's delay was unreasonable and inexcusable. During six years her only movement on the case was the service of interrogatories in 1981 and the motion to amend the complaint and for a pretrial conference in 1985. The issues had already been extensively developed through the discovery process in the federal case and appellant offers no explanation for her failure to take advantage of this completed work.

The evidence of prejudice is less convincing. Prejudice must be more than the ordinary expense and inconvenience of trial preparation, and is not presumed from the mere fact of delay. *Copeland v. Bragge*, 378 N.W.2d 35, 38 (Minn.Ct.App.1985) (citing *Firoved*, 277 Minn. at 283, 152 N.W.2d at 368). Respondents' claim of prejudice focuses on their assertion that at least two witnesses are now unavailable, an assertion appellant contends is untrue. However, to find prejudice, the trial court relied on the combined effect of the unreasonable delay and the unreliability of witnesses' faded memories.

▉ After so many years of unnecessary delay, the need to search for identifiable and concrete examples of prejudice diminishes. In *Firoved*, the supreme court held that "defendants are entitled to the weight of the policy which seeks to prevent unreasonable delays even in the absence of a showing of particular prejudice." *Firoved*, 277 Minn. at 284, 152 N.W.2d at 369. We have previously affirmed a trial court's finding of prejudice where the basis for the findings was that "it is unlikely that even if [witnesses] could be located they would be able to recall with any clarity events which occurred more than ten years ago." *Dvoracek v. Lovely*, 366 N.W.2d 391, 393 (Minn.Ct.App.1985). In addition, *Dvoracek* and other cases have viewed the failure to offer a reasonable excuse for the delay as evidence of prejudice. *Id.; see also Reichert v. Union Fidelity Life Insurance Co.*, 360 N.W.2d 664, 668 (Minn.Ct.App.1985) ("[c]onsidering both the extent of the delay and the reason for the delay, *see Firoved*, 277 Minn. at 284, 152 N.W.2d at 369, there are extraordinary circumstances justifying

dismissal without a showing of prejudice"). The court in *Reichert* relied on its observation that the 6½ year delay there "far exceeds that present in prior cases." *Reichert*, 360 N.W.2d at 668. The circumstances here are even more extreme. The delay was approaching seven years when appellant brought her motion to amend her complaint and a much longer delay would have transpired before the case could proceed to trial. Eleven years have elapsed since federal proceedings were commenced.

■ Finally, we also find support for the trial court's determination by reference to the kind of relief requested. Where termination of litigation involves a high prospect of unjust enrichment, justice and equity may require reversal of a dismissal with prejudice. *Peters*, 312 Minn. at 156–57, 251 N.W.2d at 117 (defendant did not deny its indebtedness to plaintiff but only contested the amount). To the contrary, respondents' liability is contingent on appellant's proof, proof that has grown weaker as a result of appellant's own unreasonable delays. Witnesses would be testifying to events that occurred over ten years ago. *See Copeland v. Bragge*, 378 N.W.2d at 38 (because liability is disputed, the accuracy of witness testimony is crucial, and a nine year lapse since the accident substantially prejudiced defendant). The trial court appropriately enforced the rules designed to "keep dockets free of stale claims, the trial of which is fraught with unusual difficulties of proof and not infrequently produces unacceptable results to both the losing and prevailing party as well as public dissatisfaction with our system of justice." *Kielsa v. St. John's Lutheran Hospital Assn.*, 287 Minn. 187, 193, 177 N.W.2d 420, 424 (1970) (citation omitted).

### DECISION

The trial court did not abuse its discretion in dismissing appellant's claim with prejudice for failure to prosecute.

Affirmed.