**ED H. ANDERSON COMPANY, Appellant,**

v.

**A.P.I., Inc., Respondent.**

No. C3–87–114.

Court of Appeals of Minnesota.

Sept. 1, 1987.

Einar E. Hanson, Minneapolis, for appellant.

William M. Beadie, St. Paul, for respondent.

Heard, considered and decided by LESLIE, P.J., and LANSING and SEDGWICK, JJ.

## OPINION

SEDGWICK, Judge.

Ed H. Anderson Co. ("Anderson") sued A.P.I., Inc., for unpaid amounts under a contract on August 15, 1978. The parties exchanged discovery documents in 1979, but no further action occurred on the case until June 30, 1986. A.P.I. filed a motion to dismiss the claim for failure to prosecute under Minn.R.Civ.P. 41.02(1). The trial court granted the motion and denied Anderson's subsequent motion to reconsider. We reverse.

## FACTS

On May 1, 1974, Anderson contracted with A.P.I. to provide and install thermal insulation materials for the construction of the Hennepin County General Hospital.

Anderson provided the promised materials and services but claimed A.P.I. did not pay the full amount owing under their agreement.

Anderson hired an attorney to sue A.P.I. for the unpaid amount. The suit was filed August 15, 1978 and the parties exchanged interrogatories and answers to interrogatories between January 15, 1979, and August 23, 1979.

Despite regular phone calls from Anderson, the attorney took no further action on the case. Anderson hired another attorney who filed a Note of Issue/Certificate of Readiness on June 30, 1986, in response to a general order from the District Court requiring Notes of Issue to be filed before July 1, 1986, in all cases commenced prior to that date. A.P.I. moved to dismiss the case under Minn.R.Civ.P. 41.-02(1) for failure to prosecute. The trial court granted A.P.I.'s motion on October 29, 1986, and ordered dismissal of the suit with prejudice, but stayed entry of judgment for 30 days.

In its motion to reconsider, Anderson claimed the delay was caused solely by attorney neglect and supplied several affidavits to show it exercised reasonable diligence in attempting to pursue the case. The trial court extended the stay on the order until the motion could be heard on December 8, 1986.

After considering the affidavits and arguments, the court denied Anderson's motion to reconsider and ordered entry of judgment dismissing Anderson's claim with prejudice. Anderson did not file a Rule 60.02 motion to vacate the judgment, but directly appeals the court's denial of its motion to reconsider dismissing the claim.

### ISSUE

Did the trial court abuse its discretion by dismissing appellant's lawsuit with prejudice for failure to prosecute?

### DISCUSSION

■ Minn.R.Civ.P. 41.02(1) allows a court to dismiss a case for failure to prosecute on its own motion or on the motion of a party. Although involuntary dismissal is viewed as a severe remedy which runs contrary to the primary objective of the law that cases be adjudged on their merits, *Belton v. City of Minneapolis*, 393 N.W.2d 244, 246 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. Nov. 19, 1986), public policy requires due diligence in the prosecution of cases and trial courts may dismiss suits where the failure to exercise reasonable diligence is unexcused and the nature of the claim requires the exercise of such diligence, *id.* (citing *DeMars v. Robinson King Floors, Inc.*, 256 N.W.2d 501, 504 (Minn.1977)).

Even though dismissal under Rule 41.-02(1) is discretionary, *Scherer v. Hanson*, 270 N.W.2d 23, 24 (Minn.1978), trial courts must follow specific guidelines when considering such motions. Dismissal is appropriate *only when:* (1) the delay prejudiced defendant, *and* (2) the delay was unreasonable and inexcusable. *Bonhiver v. Fugelso, Porter, Simich and Whiteman, Inc.*, 355 N.W.2d 138, 144 (Minn.1984).

■ Prejudice to the parties is the primary factor to be considered on such a motion. *Firoved v. General Motors Corp.*, 277 Minn. 278, 283, 152 N.W.2d 364, 368 (1967). The prejudice must be more than the ordinary expense and inconvenience of trial preparation and should not be presumed or inferred from the mere fact of delay. *Id.* at 283–84, 152 N.W.2d at 368.

The evidence of prejudice in this case is minimal. A.P.I. failed to identify any specific unavailable witness or that any witness would be unable to remember the events of the transaction. Here, there is substantial documentary evidence of the transaction, in the form of letters and other company records, to support Anderson's claim and it appears witness testimony about oral negotiations would not be critical. Despite this lack of proof, the court found it likely that the memory of witnesses concerning the transaction would be "hazy." For this reason and because of the length of the delay, the court felt justified in inferring prejudice although the evidence of prejudice was admittedly weak.

Although A.P.I. has not shown it will suffer particular prejudice if Anderson is allowed to proceed, the need to search for concrete and identifiable examples of prejudice diminishes after several years of unnecessary delay. *Belton,* 393 N.W.2d at 246. In fact, dismissal may be appropriate even in the absence of a showing of particular prejudice when exceptional circumstances are present. *See Firoved,* 277 Minn. at 284, 152 N.W.2d at 369. Those exceptional circumstances must be considered in light of the second guideline for dismissal, the reasonableness and excuse for delay.

The lack of diligence on the part of a plaintiff's counsel, despite a plaintiff's efforts to move the case along, may be a reasonable excuse for delay. *Copeland v. Bragge,* 378 N.W.2d 35, 38–39 (Minn.Ct. App.1985). This case is similar to *Scherer,* where the plaintiff had called his attorney monthly to check on the status of his case and was reassured each time that the case would be called to trial soon. The plaintiff finally hired another attorney who immediately started discovery. Even in the face of an eight year delay, the supreme court was reluctant to penalize the plaintiff for conduct attributable to his attorney. 270 N.W.2d at 25.

In this case, Anderson contacted its attorney regularly after the complaint was filed. Each time they were assured prompt action would be taken on the case. In 1982, Ed Anderson or his secretary began calling the attorney about the case at least once a month. The attorney assured them negotiations were proceeding and he would call them back, but he did not. The evidence of attorney neglect is as strong here as it was in *Scherer,* and we believe Anderson should not be penalized for its unsuccessful efforts to prod the attorney along.

A decision to dismiss an action for failure to prosecute will be reversed only upon an abuse of discretion, *Bonhiver,* 355 N.W.2d at 144, and the record on review of a dismissal must be viewed in the light most favorable to the trial court's order. *Zuleski v. Pipella,* 309 Minn. 585, 586, 245 N.W.2d 586, 587 (1976). Although this delay was unreasonably long, the evidence of prejudice to A.P.I. is weak and Anderson attempted to prod the attorney to trial. We believe Anderson's excuse for the delay was not unreasonable.

## DECISION

The trial court's order dismissing Anderson's case for failure to prosecute is reversed.

Reversed.

LANSING, Judge (dissenting).

Whether to dismiss a case for failure to prosecute is within the trial court's discretion. *Stevens v. School Board of Ind. Dist. No. 271,* 296 Minn. 413, 414–15, 208 N.W.2d 866, 867–68 (1973). The focal question in reviewing the court's exercise of that discretion in this case is whether A.P.I., Inc., has demonstrated sufficient prejudice to warrant a dismissal of Anderson Company's claim.

That claim, which is based on provisions of a 1974 contract, was initially filed in 1978 and has been dormant since interrogatories were exchanged and answered in 1979. Although the court acknowledged that there was little evidence of actual prejudice, it based its finding of prejudice on inferences drawn from the nature of the commercial transaction, the seven-year hiatus in litigation on a 12–year-old contract and the predictable effect of that passage of time on the memories of the witnesses. In the context of this case, I believe this is sufficient prejudice to support the court's exercise of discretion.