**Robert G. WHERLEY, et al.,**
**Appellants,**

v.

**Michael Dean FOSS, Respondent.**

**No. CO–87–961.**

Court of Appeals of Minnesota.

Dec. 15, 1987.

Edward M. Cohen, Minneapolis, for appellants.

R.D. Blanchard, Rodger A. Hagen, Meagher, Geer, Markham, Anderson,

Adamson, Flaskamp & Brennan, Minneapolis, for respondent.

Considered and decided by WOZNIAK, P.J., and FOLEY and CRIPPEN, JJ., with oral argument waived.

## OPINION

WOZNIAK, Chief Judge.

This appeal is from the dismissal with prejudice of appellants' complaint. The trial court dismissed on its own motion for failure to prosecute. We affirm.

## FACTS

Appellants Wherley and respondent Foss were involved in an automobile collision on August 22, 1973. Three years later, the attorney for Wherleys began correspondence with Foss's insurance company, in which the parties discussed the accident and possible settlement arrangements. The last letter was written on June 22, 1979.

A dispute as to proper service existed between the parties, but in March 1980, Foss served an answer and interrogatories on Wherleys, which were answered. Wherleys apparently took no other action for several years.

In December 1986, Wherleys filed their complaint in Hennepin County District Court. Foss moved to dismiss for insufficiency of process, and Wherleys filed countermotions. The trial court (1) denied Foss's motion to dismiss for lack of personal jurisdiction, and (2) on its own motion, dismissed the complaint with prejudice for failure to prosecute, pursuant to Minnesota Rule of Civil Procedure 41.02(1). In its memorandum, the trial court stated that the excessive delay and resulting prejudice to Foss justified dismissing the action with prejudice. We agree.

## ISSUE

Did the trial court err in dismissing the case on its own motion for failure to prosecute?

## ANALYSIS

A trial court may, upon its own motion, dismiss an action for failure to prosecute. Minn.R.Civ.P. Rule 41.02(1). "Use of Rule 41.02(1) is infrequent and is within the sound discretion of the trial court." *Bonhiver v. Fugelso, Porter, Simich and Whiteman, Inc.*, 355 N.W.2d 138, 144 (Minn.1984). The record must be reviewed in the light most favorable to the trial court. *Belton v. City of Minneapolis*, 393 N.W.2d 244, 246 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. Nov. 19, 1986).

While the rule permitting dismissal runs counter to the primary objective of the law to dispose of cases on their merits, equally compelling is the public policy that parties prosecute their cases with due diligence.

To reconcile these policies, the supreme court has stated that dismissal for failure to prosecute is "appropriate *only when* (1) the delay prejudiced the defendants; *and* (2) the delay was unreasonable and inexcusable." *Bonhiver*, 355 N.W.2d at 144 (emphasis in original).

Foss has the "burden of showing particular prejudice of such a character that some substantial right or advantage will be lost or endangered" if Wherleys were permitted to prosecute the action. *Firoved v. General Motors Corporation*, 277 Minn. 278, 283–84, 152 N.W.2d 364, 368 (1967). Generally, prejudice must be more than the ordinary expense and inconvenience of trial preparation, and is not presumed from the mere fact of delay. *Id.* However, in extraordinary cases of delay, a dismissal with prejudice is justified even without a showing of prejudice to the defendant. *Ryan v. Ballentine VFW Post No. 246*, 407 N.W.2d 105, 108 (Minn.Ct.App. 1987); *Belton*, 393 N.W.2d at 246.

Here, several factors amount to prejudice, and the length of time involved was extraordinary enough that the delay alone would justify dismissal. First, "[a]fter so many years of unnecessary delay, the need to search for identifiable and concrete examples of prejudice diminishes." *Belton*, 393 N.W.2d at 246. Second, so long after the event at issue, witnesses are

difficult to find and their memories have faded. The trial court was particularly concerned about the availability of witnesses and the reliability of their memories if located. Accounts of the accident by witnesses were not preserved by depositions or interrogatories by Wherleys.

The delay here by itself was so extreme as to constitute prejudice in itself. In *Reichert v. Union Fidelity Life Insurance Co.*, 360 N.W.2d 664, 668 (Minn.Ct.App.1985), this court held that a delay of six and one-half years in bringing an action to trial constituted extraordinary circumstances justifying dismissal of the action without a showing of prejudice to respondent. In *Ryan*, over eleven years had passed between the dates of the alleged injuries and the filing of appellants' note of issue, and the court held that if a nine-year delay justified dismissal, then an eleven-year delay certainly did so. *Id.* at 108. In this case, thirteen years passed from the time of the car accident to the date Wherleys filed the complaint in district court.

We also note that the kind of relief requested relates to the appropriateness of dismissing the action. Where termination of litigation involves a high prospect of unjust enrichment, justice and equity may require reversal of a dismissal with prejudice. *Peters v. Waters Instruments, Inc.*, 312 Minn. 152, 156–57, 251 N.W.2d 114, 117 (1977). In *Belton*, as in this case, respondent's "liability is contingent on appellant's proof, proof that has grown weaker as a result of appellant's own unreasonable delays." *Belton*, 393 N.W.2d at 247. As in *Belton*, witnesses would be testifying to events that occurred thirteen years ago. Where liability is disputed, reliability of witnesses' testimony is crucial, and a long delay prejudices respondent in this regard. *See Copeland v. Bragge*, 378 N.W.2d 35, 38 (Minn.Ct.App.1985).

We further note that Wherleys's delay was unexcused and unreasonable. As the trial court stated, Wherleys did not attempt service of process until almost six years after the car collision. Seven years later, they filed the complaint in Hennepin County. Wherleys presented no evidence that they conducted any discovery during that period, nor have they offered any excuses for the delay. Dismissal is justified.

## DECISION

The evidence is ample that appellants' delay prejudiced respondent's case and that the delay was unreasonable and unexcusable. We affirm the trial court's decision to dismiss appellants' complaint with prejudice.

Affirmed.