**SHAMROCK DEVELOPMENT, INC., Respondent,**

v.

**Randall N. SMITH, Appellant,**

**Denison E. Smith, Defendant,**

**Dakota Turkey Farms, Limited Partnership, Defendant.**

**No. A06–1647.**

Supreme Court of Minnesota.

Aug. 7, 2008.

---

Timothy J. Mattson, Charles Schoenwetter, Bowman and Brooke LLP, Minneapolis, MN, for appellant.

Charles E. Lundberg, Stanford P. Hill, David A. Turner, Bassford Remele, PA, Minneapolis, MN, for respondent.

## OPINION

MEYER, Justice.

In this appeal, we are asked to decide whether respondent Shamrock Development, Inc.'s attempted service of process by publication on appellant Randall Smith satisfied the requirements of Minn. R. Civ. P. 4.04(a) and the Due Process Clause of the United States Constitution. The district court concluded that the service by publication was sufficient, and the court of appeals affirmed. We reverse and remand to the district court.

In April 1996 the Hennepin County District Court entered a civil judgment in favor of Farm Credit Leasing Services Corporation (Farm Credit) against Dakota Turkey Farms limited partnership (the partnership) and certain individual partners, including Randall N. Smith. In connection with this judgment, Farm Credit filed with the district court an affidavit of identification of judgment debtor that identified Randall Smith's residential address in Washington, D.C., and his business address in Arlington, Virginia. A

similar affidavit identified an address in Medina, Minnesota, as both the residential and business address of one of the other partners; the same Medina street address was also registered with the Secretary of State as the partnership's address.[1] Farm Credit's judgment was subsequently assigned to Shamrock Development, Inc. (Shamrock). The record indicates that Shamrock requested and was mailed a copy of the entire district court file in October 2002.

In 2006 Shamrock decided to renew its judgment by commencing a new civil action against the judgment debtors.[2] On March 19 Shamrock attempted to serve the partnership with process at the Medina address but discovered that the address is a private home and that the current owner was not associated with the partnership. Shamrock subsequently effected service of process on the partnership by serving the Secretary of State as provided by Minn.Stat. § 5.25 (Supp.2007).

Shamrock attempted to locate Randall Smith, an individual judgment creditor, using an online database. Despite the affidavit of identification indicating that Smith resided in Washington, D.C., and had a business address in Virginia, the record suggests that Shamrock limited its database search for Smith to the Medina address. The results indicated that Smith was associated with the Medina address in some manner from April 1996 through October 2000 and listed him as a "Possible Previous Resident[ ]" of the address; the results also listed the partnership as a "Possible Previous Business[ ]" associated with the address. Knowing that Smith did not currently reside at the Medina address, Shamrock then attempted to locate him by searching bankruptcy filings and hiring a private investigator. These efforts were also unsuccessful. According to Smith, he resided in Washington, D.C., from 1981 through 1997; in Sunny Isles, Florida, from 1998 through 2000; and in Los Angeles, California, since 2001.

Having failed to locate Smith, Shamrock decided to commence service by publication pursuant to Minn. R. Civ. P. 4.04(a). On March 22, 2006, Shamrock's attorney—David Turner—filed with the district court a copy of the summons and complaint and an affidavit regarding service by publication. In this affidavit, Turner made the following statements: "Defendant Randall N. Smith is a resident individual domiciliary who has departed from the State of Minnesota with intent to defraud creditors, or to avoid service, or remains concealed within with the like intent"; "I believe that * * * Defendant Randall N. Smith [is] not [a] resident[ ] of the State of Minnesota or cannot be found therein"; and "I do not know * * * Randall N. Smith's place[ ] of residence or address[ ] for service of pro-

---

1. The partnership's registration with the Secretary of State listed the same street address as did the affidavit of identification, but it listed the city as Wayzata rather than Medina. Despite this difference, it appears that the two addresses are, in fact, the same. We refer to the address in this opinion as "the Medina address."

2. Under Minnesota law, all actions to enforce a judgment must be commenced within 10 years of the entry of that judgment. Minn. Stat. § 541.04 (2006). Judgment creditors sometimes seek to renew an existing judg-

ment by commencing a new civil action within the 10–year limitations period and obtain a new judgment. Smith argued below that Minnesota law does not allow for the renewal of judgments in this manner, but the issue was not raised in his petition for further review and is therefore not before us on this appeal. For purposes of this opinion, we assume without deciding that a civil judgment may be renewed by the entry of judgment in a new civil action commenced within the statutory limitations period for enforcement of the original judgment.

cess." Shamrock subsequently caused the summons to be published in *Finance and Commerce*, a Minneapolis business and legal newspaper, on March 24, March 31, and April 7, 2006.

Smith made a limited and special appearance and moved to dismiss the claims against him because, inter alia, (1) service by publication was not sufficient because he is not a resident individual domiciliary of Minnesota; and (2) the publication in this case was not "reasonably calculated" to apprise him of the pendency of the action and therefore violated his due process rights. Smith also moved to strike the Turner affidavit pursuant to Minn. R. Civ. P. 12.06.

The district court denied Smith's motion to dismiss. The court reasoned as follows:

> [Minnesota law] do[es] not require the plaintiff to actually prove the underlying facts in order for service by publication to be valid. An affidavit forming the basis for service by publication need only be made honestly and in good faith by the plaintiff based on the information available to the plaintiff at the time the affidavit is made. If an affidavit is made in good faith by the plaintiff and the plaintiff's attorney alleging the necessary facts under the applicable law or rule (such as 4.04), then service by publication is valid unless the defendant can prove that the plaintiff could have found the defendant through the exercise of ordinary diligence.

(Citations omitted.) The court concluded that Shamrock had a good-faith basis to believe that Smith was a Minnesota resident, that Shamrock had made a diligent effort to locate him, and that Shamrock had therefore met the requirements for service by publication under Rule 4.04. The court did not address Smith's argument that the publication violated his due process rights. The court of appeals af-

firmed. *Shamrock Dev., Inc. v. Smith,* 737 N.W.2d 372, 374, 381 (Minn.App.2007).

## I.

 We first consider whether Smith waived his jurisdictional defense by moving to strike the Turner affidavit regarding service by publication and by collaterally attacking the underlying 1996 judgment. A party may waive a jurisdictional defense, including insufficient service of process, by submitting itself to the court's jurisdiction and affirmatively invoking the court's power. *See, e.g., Miss. Valley Dev. Corp. v. Colonial Enters., Inc.,* 300 Minn. 66, 71–73, 217 N.W.2d 760, 763–64 (1974). But "simple participation in the litigation * * * does not, standing alone, amount to waiver of a jurisdictional defense. Rather, it is the failure to provide the court an opportunity to rule on the defense before affirmatively invoking the court's jurisdiction on the merits of the claim that is determinative." *Patterson v. Wu Family Corp.,* 608 N.W.2d 863, 868 (Minn.2000). "Where a party simultaneously invokes the court's jurisdiction on the merits and asks the court to rule on a jurisdictional defense, waiver will not result unless other circumstances clearly demonstrate the party's acquiescence to the court's jurisdiction." *Ryan Contracting, Inc. v. JAG Invs., Inc.,* 634 N.W.2d 176, 185 (Minn.2001), *overruled on other grounds by Mavco, Inc. v. Eggink,* 739 N.W.2d 148, 157 (Minn.2007); *see also* Minn. R. Civ. P. 12.02 ("No defense or objection is waived by being joined with one or more defenses or objections in a responsive pleading or motion.").

Smith's motion to strike the Turner affidavit and his arguments against the enforcement of the original 1996 judgment occurred at the same time he was asking the court to rule on his insufficient service of process defense. The motion itself also indicated that Smith was not acquiescing

to the court's jurisdiction: "[n]othing in [the motion] should be construed as an admission that a general appearance consenting to the full jurisdiction of this Court has been made." Finally, during oral argument on the motion, Smith's attorney stated that "from day one we have always maintained there is no jurisdiction because service of process has been a nullity, it's been ineffective." Thus, Smith's motion to strike the Turner affidavit and argument opposing the enforcement of the original judgment occurred simultaneously with his ineffective service of process arguments, and the surrounding circumstances do not demonstrate his acquiescence to the court's jurisdiction. We therefore conclude that Smith did not waive his ineffective service of process defense.

## II.

We turn to the merits of Smith's argument that service of process by publication was ineffective in this case. Both the district court and the court of appeals concluded that Rule 4.04(a) requires a good-faith allegation that the jurisdictional facts exist in order for service by publication to be valid, not that the jurisdictional facts actually exist. *See Shamrock*, 737 N.W.2d at 379. Smith argues that service by publication is sufficient under Rule 4.04(a) only if the jurisdictional facts actually exist.

Whether service of process was effective, and personal jurisdiction therefore exists, is a question of law that we review de novo. *Roehrdanz v. Brill*, 682 N.W.2d 626, 629 (Minn.2004); *Patterson*, 608 N.W.2d at 866. But in conducting this review, we must apply the facts as found by the district court unless those factual findings are clearly erroneous. Minn. R. Civ. P. 52.01; *see also Fletcher v. St. Paul Pioneer Press*, 589 N.W.2d 96, 101 (Minn. 1999) ("On appeal, a trial court's findings of fact are given great deference, and shall not be set aside unless clearly erroneous.").

We also review the construction and application of the Minnesota Rules of Civil Procedure de novo. *St. Croix Dev., LLC v. Gossman*, 735 N.W.2d 320, 324 (Minn.2007); *Mingen v. Mingen*, 679 N.W.2d 724, 727 (Minn.2004). "The words of a court rule, like those of a statute, must be taken and construed in the sense in which they were understood and intended at the time the rule was promulgated." *House v. Hanson*, 245 Minn. 466, 473, 72 N.W.2d 874, 878 (1955). We do not examine the rules in isolation, but instead "read them in light of one another" and "interpret[ ] them according to their purpose." *Mingen*, 679 N.W.2d at 727. Because "[s]ervice by publication is in derogation of the common law," the prescribed requirements for such service "must be strictly complied with." *Wiik v. Russell*, 173 Minn. 580, 583, 218 N.W. 110, 111 (1928); *see also D'Autremont v. Anderson Iron Co.*, 104 Minn. 165, 169–70, 116 N.W. 357, 358 (1908).

A summons can be served on an individual in the state either "by delivering a copy to the individual personally or by leaving a copy at the individual's usual place of abode" with a resident "of suitable age and discretion." Minn. R. Civ. P. 4.03(a). Rule 4.04(a) also provides that "[s]ervice by publication shall be sufficient to confer jurisdiction" in five specific circumstances, including, as relevant here, "[w]hen the defendant is a resident individual domiciliary having departed from the state with intent to defraud creditors, or to avoid service, or remains concealed therein with the like intent." The rule also outlines the specific procedures for effectuating such service as follows:

The summons may be served by three weeks' published notice in any of the

cases enumerated herein when the complaint and an affidavit of the plaintiff or the plaintiff's attorney have been filed with the court. The affidavit shall state the existence of one of the enumerated cases, and that affiant believes the defendant is not a resident of the state or cannot be found therein, and either that the affiant has mailed a copy of the summons to the defendant at the defendant's place of residence or that such residence is not known to the affiant. The service of the summons shall be deemed complete 21 days after the first publication.

Minn. R. Civ. P. 4.04(a).

■ The plain language of the rule indicates that service by publication does not confer jurisdiction unless one of five specific circumstances actually exists. Indeed, in describing the procedures for effecting service by publication, the rule provides that "[t]he summons may be served by three weeks' published notice *in any of the cases enumerated* herein when the complaint and an affidavit of the plaintiff or the plaintiff's attorney have been filed with the court." *Id.* (emphasis added). This language indicates that the existence of one of the enumerated circumstances is a necessary condition for service of process by publication to confer jurisdiction.

The rule goes on to describe the procedures required before the summons is published. Publication of a summons may proceed upon filing a "complaint and an affidavit of the plaintiff or the plaintiff's attorney." *Id.* The affidavit must "state the existence of one of the enumerated cases." *Id.* The rule further requires the affiant to affirm that he *"believes* the defendant is not a resident of the state or cannot be found therein." *Id.* (emphasis added). Both of the following requirements must be set forth in the affidavit: (1) an affirmation of the essential jurisdic-

tional facts of one of the enumerated cases, such as that the defendant is a resident individual domiciliary who has left the state to defraud creditors or avoid service or remains concealed within the state with the like intent, *and* (2) an affirmation of the affiant's belief that the defendant is not a resident of the state or cannot be found in the state.

■ Contrary to the lower courts' rulings, Rule 4.04(a) is not satisfied if the affiant merely affirms that he "believes" that one of the enumerated circumstances exist. The essential jurisdictional facts regarding whether a defendant is a resident individual domiciliary must actually exist in order to confer jurisdiction. To hold otherwise would eviscerate the essential and clear requirements for conferring jurisdiction by service of publication under Rule 4.04(a)(1).

This interpretation is consistent with the historical underpinnings of the rule. Service by publication was first authorized in Minnesota in 1866. *Gill v. Gill,* 277 Minn. 166, 169, 152 N.W.2d 309, 312 (1967). At that time, the law governing personal jurisdiction was based on the territorial sovereignty of states. *See Pennoyer v. Neff,* 95 U.S. 714, 722, 24 L.Ed. 565 (1877), *overruled on other grounds by Shaffer v. Heitner,* 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977). Thus, a state court could exercise personal jurisdiction over any individual who could be personally served within the territorial boundaries of the state. *See Burnham v. Superior Court,* 495 U.S. 604, 610–11, 110 S.Ct. 2105, 109 L.Ed.2d 631 (1990); *see also* Minn. R. Civ. P. 4.03.

When an individual could not be personally served within the state, however, whether a state court could exercise personal jurisdiction depended on the individual's residency. Domicile within a state was generally "sufficient to bring an ab-

sent defendant within the reach of the state's jurisdiction for purposes of a personal judgment by means of appropriate substituted service." *Milliken v. Meyer,* 311 U.S. 457, 462, 61 S.Ct. 339, 85 L.Ed. 278 (1940). With respect to nonresidents, a state court could only acquire personal jurisdiction by substituted service when the action involved property within the state or "the personal *status*" of a resident toward a nonresident (i.e., marriage dissolution), or when the "mode of service may be considered to have been assented to in advance" under state law. *Pennoyer,* 95 U.S. at 727, 733–35. "But where the entire object of the action [was] to determine the personal rights and obligations of the defendants, that is, where the suit [was] merely *in personam,* constructive service in this form upon a non-resident [was] ineffectual for any purpose." *Id.* at 727. Our jurisprudence reflects these historical limits on a state court's acquisition of personal jurisdiction by substituted service, including service by publication.[3] *See Roberts v. Roberts,* 135 Minn. 397, 399, 161 N.W. 148, 149 (1917); *Cabanne v. Graf,* 87 Minn. 510, 513, 92 N.W. 461, 461–62 (1902).

Looking at Rule 4.04(a), the enumerated circumstances under which service by publication is permitted are directly linked to the circumstances under which a state court could acquire personal jurisdiction over a nonresident by substituted service at the time the provisions allowing for such service were first adopted in this state. Because a state court could not constitutionally exercise personal jurisdiction over a nonresident in an *in personam* action based on service by publication, we could not have intended the provisions of Rule 4.04(a) to allow service by publication based only on an allegation that a defendant was not a resident individual domiciliary.

■ We turn to the facts and circumstances of this case. The Turner affidavit stated that Smith "is a resident individual domiciliary who has departed from the State of Minnesota with intent to defraud creditors, or to avoid service, or remains concealed within with the like intent." *See* Minn. R. Civ. P. 4.04(a)(1). The record also contains an affidavit of publication affirming that the summons was published for three consecutive weeks in *Finance and Commerce.* Once the plaintiff submits evidence of service, a defendant who challenges the sufficiency of service of process has the burden of showing that the service was improper.[4] *See Peters v. Wa-*

---

**3.** In *International Shoe Co. v. Washington,* the United States Supreme Court shifted away from the territorial sovereignty principle and held that "due process requires only that in order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (quoting *Milliken,* 311 U.S. at 463, 61 S.Ct. 339). Minnesota's long-arm statute— Minn. Stat. § 543.19 (2006)—reflects this change.

But even if a defendant has sufficient minimum contacts with the state for a Minnesota court to constitutionally exercise personal jurisdiction, such jurisdiction does not exist un-

til the defendant is served with process in accordance with state law. Because Rule 4.04(a)'s requirements for service by publication appear to be based on the historical standard for personal jurisdiction, the cases adopting and applying that standard are informative as to the intent of the rule.

**4.** Smith argues that Shamrock bears the burden of proving that service of process was sufficient. As Smith correctly notes, we have held that "the burden is upon the plaintiff to prove not only that personal jurisdiction is authorized by the terms of the statute 'but also that minimum contacts exist rendering the exercise of such jurisdiction consistent with due process.'" *Sausser v. Republic Mortgage Investors,* 269 N.W.2d 758, 761 (Minn. 1978) (quoting *All Lease Co. v. Betts,* 294

*ters Instruments, Inc.,* 312 Minn. 152, 157, 251 N.W.2d 114, 117 (1977). The defendant may meet this burden by establishing that he is not a resident individual domiciliary of Minnesota. Alternatively, Smith's insufficient service of process defense could succeed if he showed that he did not depart the state with the intent of defrauding creditors or avoiding service of process.

Shamrock argues that the district court, after weighing the conflicting evidence, found that each of the necessary jurisdictional facts exists. As relevant to this analysis, the district court made the following findings of fact:

10. A search of [an online database] revealed that [Smith] had used the address of 1520 Hunter Drive in Wayzata, Minnesota from April 1996 until October 2000. This is also the registered address for service of process of Dakota Turkey Farms.

11. 1520 Hunter Drive is a residential house, and neither [Smith] nor anyone associated with Dakota Turkey Farms is located there.

\* \* \* \* \* \*

15. Prior to service by publication, Plaintiff Shamrock filed the Turner Affidavit, which stated that [Smith] had left the state with the intent to defraud creditors, or to avoid service, or remained concealed within the state with like intent.

The court did not find that Smith was either a resident or domiciliary of Minnesota. Moreover, although the court found that "Shamrock filed the Turner Affidavit, which stated that [Smith] had left the state" with the requisite intent, the court did not find that the allegations in the affidavit were true or that Smith had in fact departed the state with such intent. We therefore conclude that the district court did not make the necessary factual findings as to whether Smith was actually a resident individual domiciliary who left the state with the intent to defraud creditors or avoid service of process. We therefore reverse the decision of the court of appeals and remand this case to the district court to determine whether Smith was actually a resident individual domiciliary of Minnesota who departed the state with the intent to defraud creditors or avoid service of process.[5]

Reversed and remanded.

MAGNUSON, C.J., not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.

DIETZEN, J., took no part in the consideration or decision of this case.

Minn. 473, 474, 199 N.W.2d 821, 822 (1972)). Our statements in *Sausser* and *Betts* were made, however, in the context of whether a Minnesota court could, in general, legally exercise personal jurisdiction over a particular defendant. On the other hand, in cases involving the sufficiency of service, we have held that the defendant bears the burden of proof. *See Peters v. Waters Instruments, Inc.,* 312 Minn. 152, 157, 251 N.W.2d 114, 117 (1977); *see also Van Rhee v. Dysert,* 154 Minn. 32, 37, 191 N.W. 53, 54 (1922) (concluding that "the showing by [the respondent-defen-dant] is altogether too meager upon which to predicate a finding that by due diligence plaintiff or his attorney could have found him so as to make personal service").

5. Because we conclude that the court of appeals' decision must be reversed under Rule 4.04(a), we decline to consider Smith's argument that the service by publication in this case also violated his due process rights under the United States Constitution.