**In re the Matter of Corey Elizabeth RODEWALD, Respondent,**

v.

**Shawn Michael TAYLOR, Appellant.**

**No. A10–1790.**

Court of Appeals of Minnesota.

April 12, 2011.

John DeWalt, Walling, Berg & Debele, P.A., Minneapolis, MN, for respondent.

Lawrence E. Nichols, Eagan, MN, for appellant.

Considered and decided by WRIGHT, Presiding Judge; STONEBURNER, Judge; and COLLINS, Judge.

## OPINION

COLLINS, Judge.*

Appellant challenges the district court's denial of his motion to vacate a default judgment establishing custody, parenting time, and child support, contending that the district court lacked personal jurisdiction due to ineffective service of process because respondent commenced the action by motion pursuant to Minn.Stat. § 518.156, subd. 1(2). We affirm.

## FACTS

Appellant Shawn Michael Taylor (father) and respondent Corey Elizabeth Rodewald (mother) are the unmarried parents of a minor child. Father's paternity was determined by private genetic testing, and fa-

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

ther and mother signed a recognition of parentage (ROP). After mother and child moved out of father's residence, mother worked with Goodhue County to initiate a child-custody and support action against father. The Goodhue County Sheriff's Department was unable to personally serve father after multiple attempts.

Assisted by counsel, mother initiated the action by filing a motion for custody, parenting time, and child support pursuant to Minn.Stat. § 518.156, serving father with the motion by mail. The district court scheduled a motion hearing. Father did not acknowledge service but did inform mother that he would not attend the hearing. Mother appeared at the hearing with counsel, there was no appearance by or on behalf of father, and the district court proceeded by default.

The district court issued an order establishing custody, parenting time, and child support, and entered judgment. The district court noted that the matter was "initiated pursuant to motion" and determined that the motion and affidavit of service "were duly served upon Father at his residence." Later, father moved to vacate the default judgment, asserting that the district court lacked personal jurisdiction over him due to ineffective service of process. Mother argued that the action was properly commenced by motion pursuant to Minn.Stat. § 518.156, subd. 1(2), based on the existence of a valid ROP. The district court denied father's motion to vacate the judgment, noting that the "plain language of the statute supports ... that this matter was properly commenced by service of a motion by mail." This appeal followed.

### ISSUE

May a parent initiate a child-custody proceeding by motion pursuant to Minn. Stat. § 518.156, subd. 1(2) when both parents have signed an ROP?

### ANALYSIS

 Father argues that the district court should have vacated the default judgment against him because mother initiated child-custody proceedings by motion rather than by personal service of a summons and petition. "Whether service of process was effective, and personal jurisdiction therefore exists, is a question of law that we review de novo." *Shamrock Dev., Inc. v. Smith,* 754 N.W.2d 377, 382 (Minn.2008). We also review issues of statutory interpretation de novo. *State v. Al–Naseer,* 734 N.W.2d 679, 683 (Minn.2007). "When interpreting a statute, we first look to see whether the statute's language, on its face, is clear or ambiguous. A statute is only ambiguous when the language therein is subject to more than one reasonable interpretation." *Am. Family Ins. Grp. v. Schroedl,* 616 N.W.2d 273, 277 (Minn.2000) (quotation and citation omitted). "A statute should be interpreted, whenever possible, to give effect to all of its provisions; 'no word, phrase, or sentence should be deemed superfluous, void, or insignificant.'" *Id.* (quoting *Amaral v. St. Cloud Hosp.,* 598 N.W.2d 379, 384 (Minn.1999)). And "[w]e are to read and construe a statute as a whole and must interpret each section in light of the surrounding sections to avoid conflicting interpretations." *Id.*

In denying father's motion to vacate the default judgment, the district court determined that, because a valid ROP exists, the plain language of section 518.156 allowed mother to initiate a child-custody action by service of motion through the mail rather than personal service of a summons and petition.[1] Father contends that the district court's interpretation cannot be

---

**1.** Father does not challenge that mother's motion complied with applicable requirements for motion practice under Minn. R. Gen. Pract. 303.03.

reconciled with the requirements for service under Chapter 518 of the Minnesota Statutes and the Minnesota Rules of Civil Procedure.

Generally, a civil action is commenced against an individual when a summons and complaint is served "by delivering a copy to the individual personally or by leaving a copy at the individual's usual place of abode with some person of suitable age and discretion then residing therein." Minn. R. Civ. P. 3.01(a), 3.02, and 4.03(a). "Unless otherwise specifically provided, the Rules of Civil Procedure for the district court apply to all proceedings under [chapter 518]," and "copies of the summons and petition shall be served on the respondent personally," unless the court authorizes alternate service by mail. Minn.Stat. §§ 518.005, subd. 1, .11(a), (c) (2010). "The initial pleading in all proceedings under [chapter 518] shall be denominated a petition," and "[o]ther pleadings shall be denominated as provided in the Rules of Civil Procedure." Minn.Stat. § 518.005, subd. 3 (2010).

Father thus contends that personal service of "an initial pleading, styled a 'Petition,'" was required to commence child-custody proceedings and that any motion requesting custody must be "subsequent to the initial pleading." We disagree. We are compelled to apply the plain, unambiguous language of section 518.156, which specifically allows a parent to initiate child-custody actions by "petition or motion" when a valid ROP exists. See Minn.Stat. § 518.156, subd. 1(2).

Here, the validity of the ROP is undisputed. Under section 257.75, an ROP "has the force and effect of a judgment or order determining the existence of the parent and child relationship," and "[a]n action to determine custody and parenting time may be commenced pursuant to chapter 518 without an adjudication of parentage." Minn.Stat. § 257.75, subd. 3; see also In

re Custody of Child of Williams v. Carlson, 701 N.W.2d 274, 280 (Minn.App.2005) ("Once paternity has been recognized through an ROP, the [parent] may petition for rights of custody or parenting time in an independent action under Minn.Stat. § 518.156[.]"). Section 518.156 provides that "a child custody proceeding is commenced by a parent ... when paternity has been recognized under section 257.75, by filing a petition or motion seeking custody or parenting time." Minn.Stat. § 518.156, subd. 1(2) (emphasis added). The initiating parent must also provide "[w]ritten notice of a child custody or parenting time or visitation proceeding" to the other parent. Id., subd. 2 (2010).

In analyzing the plain language of the statute, the district court noted that it "seems reasonable ... that the legislature considered this very issue and determined that motion practice was an acceptable form of initiating a custody action" under these circumstances. We agree. Section 518.156 is clear and unambiguous on its face, and father does not point to any language that is subject to more than one reasonable interpretation. See Schroedl, 616 N.W.2d at 277. "[W]ords and phrases are construed according to rules of grammar and according to their common and approved usage" unless such a construction would be "inconsistent with the manifest intent of the legislature, or repugnant to the context of the statute." Minn.Stat. § 645.08 (2010). Before 1980, a custody proceeding could be initiated only "by filing a petition." Minn.Stat. § 518.156, subd. 1(a)(2) (1978). In 1980, however, the legislature amended this language to authorize initiation of a custody proceeding "by filing a petition or motion." 1980 Minn. Laws ch 598, § 4, at 1125 (emphasis added). Thus, because the 1980 amendment of Minn.Stat. § 518.156 specifically expanded the mechanisms for initiating a custody proceeding to include motions, to

read the "or" in Minn.Stat. § 518.156, subd. 1(2) (2010) in the way father proposes would be inconsistent with the manifest intent of the legislature and repugnant to the context of the (amended) statute. Under these circumstances, we must read the legislature's use of "or" in "petition or motion" to provide for commencement of child-custody proceedings by either alternative. *See* Minn.Stat. § 518.156, subd. 1(2). We discern no inconsistencies or ambiguities resulting from this plain reading.

Father argues that this interpretation of section 518.156, subdivision 1(2) cannot stand because statutes "inconsistent or in conflict with" the rules of civil procedure "are superseded insofar as they apply to pleading, practice, and procedure in the district court." *See* Minn. R. Civ. P. 81.01(c). We disagree. This argument ignores Minn. R. Civ. P. 81.01(a), which specifically preserves the statutory procedures listed in Appendix A of the rules. *See* Minn. R. Civ. P. 81.01(a). Appendix A includes Chapter 518. Accordingly, insofar as section 518.156 is "inconsistent or in conflict with the rules," the rules "do not govern." *See id.* Moreover, the legislature anticipated these inconsistencies and provided further guidance favoring the specific procedures articulated within Chapter 518. *See* Minn.Stat. § 518.005, subd. 1 (*"Unless otherwise specifically provided,* the Rules of Civil Procedure for the district court apply to all proceedings under this chapter." (emphasis added)). Accordingly, we conclude that Minn.Stat. § 518.156 specifically and plainly provides that a "child custody proceeding is commenced" by filing a "petition or motion" when the parents have signed an ROP.

## DECISION

The plain language of Minn.Stat. § 518.156, subd. 1(2) allows a parent to initiate child-custody proceedings by motion when a valid ROP exists. The district court did not err in denying father's mo-

tion to vacate the default judgment establishing custody, parenting time, and child support.

**Affirmed.**