PATRICK STEVENS v. SCHOOL BOARD OF INDEPENDENT SCHOOL DISTRICT NO. 271.

208 N. W. 2d 866.

June 22, 1973—No. 43929.

*Robins, Meshbesher, Singer & Spence* and *Ronald I. Meshbesher,* for appellant.

*Kingsley D. Holman,* for respondent.

*Peterson, Popovich, Knutson & Flynn, Peter S. Popovich,* and *Ivars J. Krafts,* for Minnesota School Boards Association, amicus curiae.

Heard before Knutson, C. J., and Otis, Todd, and MacLaughlin, JJ.

PER CURIAM.

This is an appeal from an order quashing a writ of certiorari because, as the court concluded, relator was guilty of laches in failing to prosecute the action. We reverse.

On January 15, 1970, relator, Patrick Stevens, was suspended with pay from his teaching duties in respondent school district. Thereafter, on January 22, 1970, relator was notified that re-

spondent proposed to terminate his continuing contract on the grounds of insubordination, gross inefficiency, willful neglect of duty, and conduct unbecoming a teacher. On February 28, 1970, after a public hearing requested by relator, his contract was terminated by respondent.

On March 24, 1970, relator petitioned the district court for a writ of certiorari for review of respondent's decision. The writ was granted. Subsequently, respondent moved to quash the writ on procedural grounds. This motion was denied on August 5, 1970, with the trial court ordering "[t]hat this matter be referred to the assignment clerk's office of this court for assignment for review." Thereafter, the attorney for relator made periodic inquiries of the assignment clerk as to the status of the matter and was advised that the case would be assigned to a judge for review. During this period relator contacted his attorney monthly to ask when the matter would be reviewed and was assured that it would be assigned in "due course."

On April 12, 1972, respondent filed another motion requesting that the writ be quashed on two grounds: (a) Failure to prosecute the action, and (b) mootness. The review was argued to be moot because relator had accepted a teaching contract with the Minneapolis School Board on a 1-year contract. Relator opposed the motion, stating in an affidavit that when he entered into a contract with the Minneapolis School Board he did not intend to abandon his present action.

On August 4, 1972, the trial court granted the motion and quashed the writ because it found relator guilty of laches in failing to prosecute, including the failure to make a motion to advance the case for review. Essentially, the trial court concluded that the matter was not diligently prosecuted because no action was taken by relator for about 20 months to bring the matter on for review. The trial court did not pass on the mootness issue.

The determination whether failure to proceed with an action should result in dismissal is largely within the discretion of the

trial court. Firoved v. General Motors Corp. 277 Minn. 278, 283, 152 N. W. 2d 364, 368 (1967). In that case we said:

"An order of dismissal on procedural grounds runs counter to the primary objective of the law to dispose of cases on the merits. Since a dismissal with prejudice operates as an adjudication on the merits, it is the most punitive sanction which can be imposed for noncompliance with the rules or order of the court or for failure to prosecute. It should therefore be granted only under exceptional circumstances."

In the Firoved case we also said that before a case should be dismissed with prejudice for failure to prosecute it must be shown there was unreasonable and inexcusable delay with resulting prejudice to the defendant.

We have concluded that the circumstances of the instant case are not so exceptional as to require dismissal on the merits. The attorney for relator inquired of the assignment clerk from time to time to determine when the matter would be assigned for review. In addition, relator took an active interest and periodically asked his attorney about the progress of the case. While, as the trial court observed, a writ of certiorari is an extraordinary writ. for the purpose of receiving immediate relief from actions which will cause irreparable harm, respondent has not shown sufficient prejudice to justify the harsh remedy of dismissal on the merits. The mere fact of delay itself does not show the requisite prejudice. Firoved v. General Motors Corp. *supra.* Further, while it might have been the better and more prudent practice to move for advancement of the case on the calendar, it is our opinion that under the circumstances of this certiorari proceeding relator did not have a mandatory duty to so move and should not be penalized by dismissal because he did not do so.

Nor do we believe that mootness precludes relator from pursuing his remedy. Relator had a duty to mitigate damages after his discharge. It seems to us there is no more reasonable or logical way for relator to mitigate damages than to obtain another position in the field for which he is trained. Therefore, we hold

that relator did not waive his claim for reinstatement merely because after his discharge he taught in the Minneapolis school district under 1-year contracts, and that the certiorari proceedings are not moot.

Respondent, by means of a notice of review, challenges the legal sufficiency of the writ. We have reviewed the writ and hold that it sufficiently alleges that errors may have occurred in the discharge of relator entitling him to a review of that decision.

Reversed.