**STATE of Minnesota ex rel. Richard L. DREYER, Appellant,**

v.

**BOARD OF EDUCATION OF INDEPENDENT SCHOOL DISTRICT NO. 542, BATTLE LAKE, Minnesota, Respondent.**

No. C5–82–1536.

Supreme Court of Minnesota.

Feb. 24, 1984.

As Modified on Denial of Rehearing April 3, 1984.

Dale G. Swanson, Forest Lake, for appellant.

Oscar J. Sorlie, Jr., Fergus Falls, for respondent.

Peter S. Popovich, Patrick J. Flynn, St. Paul (Minnesota School Boards Assn.), amicus curiae.

Eric R. Miller, Donald W. Selzer, Jr., St. Paul (Minn. Education Assn.), amicus curiae.

PETERSON, Justice.

Relator/Appellant, Richard L. Dreyer, appeals from an order of the Otter Tail County District Court affirming the decision of respondent, Independent School District No. 542, Battle Lake, Minnesota (hereafter school district), to place Dreyer on unrequested leave of absence pursuant to Minn.Stat. § 125.12, subd. 6b (1982).

During the 1981–82 school year, Dreyer was a tenured, full-time elementary school principal. He had been continuously employed by the school district since June 6, 1966. He was licensed by the Minnesota Department of Education as an elementary principal and as an elementary teacher. In January 1982, Dreyer entered into a contract of employment with the school district to perform the duties of elementary principal from July 1, 1981, through June 30, 1983, at a 1982–83 salary of $30,276.51.

In spring 1982, the school district decided to reduce the elementary principal position from full time to half time. The school district is required by State Department of Education Rule EDU 23 to employ an elementary principal devoting not less than one-half time to administration and supervision of its elementary school building. *See* 25A Minn.Code Agency R. EDU 23 (1982). A reduction of elementary administrative duties to one-half time would comply with this rule, given the reduced pupil enrollment in the Battle Lake Elementary School. The parties stipulated that financial limitations and the lack of pupils constituted grounds for placement of one or more employees on unrequested leave of absence pursuant to section 125.12, subd. 6b,[1] and that all procedural requirements had been complied with by the parties.

Dreyer was the only employee of the school district licensed as an elementary principal in spring 1982, and no other elementary classroom teacher had a longer period of service in the school district than Dreyer. Due to the resignation of one elementary teacher, there was a vacant elementary teaching position in the school district for the 1982–83 school year at the time of the hearing.

Shortly after the school district proposed to reduce the position of elementary principal from full time to half time, discussions took place between the school district and Dreyer regarding the position Dreyer would occupy for the 1982–83 school year. The school district informally offered Dreyer a position as either a half-time elementary principal or a full-time elementary teacher. Dreyer's alternative proposal of a position as half-time principal and half-time teacher was rejected.

Failing to agree in their informal discussions, the school district formally proposed, by resolution dated April 20, 1982, to place Dreyer on unrequested leave of absence pursuant to section 125.12, subd. 6b. In

---

1. The school board proposed to place Dreyer on unrequested leave of absence pursuant to Minn. Stat. § 125.12, subd. 6b (1982), because there was no plan negotiated under a collective bargaining agreement for the school board to proceed under subdivision 6a.

accord with subdivision 4, Dreyer requested a hearing, which was held on May 14, 1982, before a hearing examiner. The hearing examiner issued his findings of fact, conclusions of law, and determination on May 26, 1982, concluding that Dreyer had reassignment rights to employment as an elementary teacher to the extent that his position as a principal was reduced. During the hearing, there was no evidence presented by the school district to support its rejection of Dreyer's request for a position as half-time elementary principal and half-time elementary teacher.

On May 27, 1982, the school district adopted the findings, conclusions, and determination of the hearing examiner and placed Dreyer on unrequested leave of absence. On May 28, 1982, the school district formally notified Dreyer of only two available positions, one as half-time elementary principal at a salary of $15,137 and the other as full-time elementary teacher at a salary of $22,602. The school district did not offer Dreyer the position he requested as part-time elementary principal and part-time elementary teacher at a proposed combined salary of $26,438. Dreyer did accept the full-time teaching position but subject to his right to appeal the school district's action in placing him on unrequested leave of absence and in rejecting his requested position of half-time principal and half-time teacher.

Dreyer then petitioned the district court for a writ of certiorari, which was issued on June 23, 1982. After a hearing, the district court issued an order on October 28 quashing the writ and affirming the action of the school district in placing Dreyer on unrequested leave of absence. The district court rejected Dreyer's claim that he was entitled to reassignment to the position of half-time elementary principal and half-time elementary teacher and concluded that the school district had complied with the continuing contract provisions of section 125.12, subd. 6b(b). Dreyer now appeals from the order of the district court.

1. The technical issue before us is whether the hearing examiner should have heard testimony, evidence, and arguments at the unrequested leave of absence hearing regarding reassignment of Dreyer. The applicable statute, section 125.12, is silent regarding the scope of the unrequested leave of absence hearing. The statute is also silent regarding the various combinations of available positions for reassignment that a school board might offer a teacher before being placed on unrequested leave of absence.

■ Our limited scope of review in teacher terminations under Minn.Stat. § 125.12 (1982) is well settled. On appeal to this court, a school board's decision to terminate a teacher will be set aside only if the decision is fraudulent, arbitrary, unreasonable, not supported by substantial evidence on the record, not within the school board's jurisdiction, or is based on an erroneous theory of law. *Whaley v. Anoka-Hennepin Indep. School Dist. No. 11*, 325 N.W.2d 128, 130 (Minn.1982) (citing *Ganyo v. Independent School Dist. No. 832*, 311 N.W.2d 497, 500 (Minn.1981)).

■ The statute does not explicitly require the hearing examiner in an unrequested leave of absence hearing to take evidence or to make findings and conclusions regarding the parties' divergent proposals for reassignment. However, under the unique circumstances of this case, we conclude that it would have been appropriate for the hearing examiner to do so. Although technically an unrequested leave of absence proceeding, Dreyer was not actually leaving employment because, fortuitously, at the time of his placement on unrequested leave, a full-time elementary teacher vacancy occurred. This case in no way involved "bumping" or "realignment" of other teachers.[2]

The practical issue here is whether, under these unique circumstances, the decision of the school district was arbitrary and unreasonable. Because of the limited record before us, we are in no position to

---

**2.** Although the parties have treated this case as one involving an issue of whether section 125.12

requires realignment of positions in the case of unrequested leave of absence, we do not per-

make that judgment ourselves. The school board's decision not to employ Dreyer on a half-time basis in the two positions may or may not be justified by a sound educational policy. However, since the record is silent regarding such determination, we remand with the direction that the district court order an evidentiary hearing (preferably before the same hearing examiner, if available) complete with findings of fact and conclusions. It will be incumbent upon the school board to consider and act on the findings and conclusions of the hearing examiner. The hearing examiner and the school district should reconsider the unrequested leave of absence determination insofar as it relates to this particular issue.

■ 2. Dreyer's other contention is that the school district acted in bad faith when it rejected his proposed half-time elementary principal and half-time elementary teacher position and that he is therefore entitled to reimbursement of his costs, disbursements, and reasonable attorney fees under Minn.Stat. § 549.21 (1982). We conclude for the reasons apparent in the unique situation of this case that Dreyer's contention of bad faith is not sustained.

Reversed and remanded with directions.

ceive it as such, and this decision is accordingly without precedential relevancy regarding such an issue. We are mindful that in the future there may very well be difficult and complex problems accompanying realignment. However, we defer addressing the issue of realignment until it is squarely before us.