In the Matter of the PROPOSED PLACEMENT ON UNREQUESTED LEAVE OF ABSENCE OF Lauralee M. MEYER, Charles P. Schletty, Michael J. Connelly, Gary A. Mohn, Larry D. England and Richard C. Parkin from Intermediate School District No. 287.

No. CX–85–1496.

Court of Appeals of Minnesota.

Feb. 11, 1986.
Review Denied April 18, 1986.

William F. Garber, Minneapolis, for relators.

Paul C. Ratwik, St. Paul, for School Dist.

Heard, considered and decided by SEDG-WICK, P.J., and RANDALL and CRIPPEN, JJ.

## OPINION

SEDGWICK, Judge.

Petitioners Lauralee Meyer, Michael Connelly, Charles Schletty and Gary Mohn obtained a writ of certiorari from this court to review the decision of the school board placing petitioners on unrequested leave of absence. We affirm.

## FACTS

*Background information*

In 1967 the legislature created Intermediate School District No. 287, Hennepin Technical Centers (School District), to provide 13 independent school districts in Hennepin and Wright Counties with services in special education and adult vocational extension education.

In January 1984, the State Director of the Vocational-Technical Education System notified the state vocational-technical schools of the minimum enrollment criteria to retain state funding for post-secondary vocational education classes. Absent a compelling reason, a program would not be funded unless it met the minimum enrollment criteria. (Post-secondary programs must have a full-time student to staff ratio of 14:1 in non-health programs and 10:1 in health programs.) State Board of Education rules also require that the membership of secondary vocational-technical classes average at least ten students per section in order to qualify for state aid. *See* Minn.Rules § 3505.4200 (1985).

The School District has been unable to maintain the needed ratio for secondary student sections due to declining enrollment. Therefore, the School District adopted a policy of mixing its secondary and post-secondary vocational student populations where necessary and appropriate. By doing this, the district could continue to offer as many vocational programs as possible to high school students of the 13 member school districts.

Where secondary and post-secondary students attend the same course, the minimum student/staff ratios pertaining to both secondary and post-secondary students apply. For example, where both levels of students are in a non-health program, the 14 to 1 required ratio for post-secondary programs applies, rather than the 10 to 1 ratio for programs with secondary students only.

By a resolution of January 10, 1985, the school board directed the superintendent and the administration to consider discontinuing programs to save money for the 1985–86 school year.

By resolution dated April 11, 1985, the school board proposed placing 22 teachers, including petitioners, on unrequested leave of absence. The school board stated that the proposed placements were based upon discontinuance of positions, lack of pupils, and financial limitations.

The seniority rights of the teachers are governed by Minn.Stat. § 125.12, subd. 6a (1984), and the Master Contract between the School District and the teachers union.

The Master Contract contains provisions addressing seniority and unrequested leave of absence, including the following:

*10.1 Seniority:* Seniority is that principle of employment policy which accords certain privileges and benefits to employees on the basis of qualifications, licenses, and length of service. Seniority in the School District shall be based on the initial date the licensed employee signs his/her first contract, or employment commencement date as a licensed employee, whichever is earlier.

\*    \*    \*    \*    \*    \*

*10.1.6 Qualifications:* "Qualified" shall mean an employee, who in addition to the state license on file in the Personnel Office has a major or experience in the subject matter or field taught. The employee must have documentation on file in the Personnel Office by January 1 of each year of the contract. Documentation must show a minimum of nine (9) consecutive months of full-time teaching

experience in the subject area within the last five (5) years.

\* \* \* \* \* \*

*10.2.1 Seniority and Qualifications:* Parties agree that seniority and qualifications will be the determining factor in layoff and recalls. Those qualified employees lowest in seniority shall be the first to be laid off and the last to be recalled.

*10.2.2 Bumping:* If a tenured employee is to be laid off, such employee may bump the least senior employee in a different area if licensed and qualified. Bumping may only be effected if the license is on file in the Personnel Office no later than January 1 of each year of the Contract.

*10.2.3 Inverse Order:* All employees shall be laid off in inverse order of seniority except where 10.2.2 above applies.

The four petitioners were placed on unrequested leave of absence, pursuant to contract and Minn.Stat. § 125.12, subd. 6a (1984).

*Lauralee Meyer*

Lauralee Meyer taught in the office occupations area. The School District decided that one position should be discontinued in this area. Because of the mixing of secondary and post-secondary students in the office occupations program, instructors were required to have both secondary and post-secondary licensure in secretarial/clerical occupations.

Meyer was hired August 4, 1975. Meyer has two documents identifying her licenses. One, dated January 1983, demonstrates the following abilities: a secretarial/clerical occupation with shorthand; a legal secretarial occupation with shorthand; and a word processing specialty. All three of those licenses are for post-secondary and adult levels of instruction only.

Meyer has a second licensing document, dated May 1, 1985, which outlines qualifications in the word processing occupation; a general secretarial/clerical occupation with shorthand; and a legal secretarial occupation with shorthand. This license is for secondary, post-secondary and adult levels, except for word processing, which is only for post-secondary and adult levels.

The Secondary Program Director testified that Meyer had not taught on the secondary level and did not have a secondary license on file as of January 1, 1985. The two teachers Meyer would like to bump or have reassigned had post-secondary and secondary licensure in the office occupations area as of January 1, 1985.

*Michael Connelly and Charles Schletty*

Michael Connelly is licensed in sheet metal working and industrial arts. He was assigned to teach in the building trades program on the secondary level. Charles Schletty is licensed in painting and decorating and was assigned to teach in the building trades secondary programs.

Connelly taught the sheet metal component of the building trade program and Schletty taught the painting and decorating component. Ray Rossbach and Ed Bodey taught the carpentry component of the program.

Because of declining enrollment and because the building trades program did not fit within the State Department of Education model for secondary education, the program was modified. In 1985, the School District converted the building trades program into a construction occupations program. This new program does not require multiple staff with varying licensure.

Neither Schletty nor Connelly have the necessary certification to teach the construction occupations course. Bodey and Rossbach do.

By its April 11, 1985 resolution, one sheet metal position and three painting and decorating positions were discontinued.

Although Connelly and Schletty have taught longer than either Bodey or Rossbach, they do not have the appropriate licensure to teach construction occupations.

*Gary Mohn*

Mohn was hired in February 1977 as an instructional aide. He was hired as a teacher on August 17, 1981. He is licensed

in graphic arts and was assigned to teach in a graphic communications program. Mohn is the least senior of seven persons with the same occupational code and licensure.

### Summary

After the April 11, 1985, resolution, all four teachers requested a hearing, which was held on May 21, 1985. The school board found that Meyer, Connelly, Schletty and Mohn had been properly placed on unrequested leave of absence. The petitioners obtained a writ of certiorari from this court to review this decision.

### ISSUE

Did the school board properly place petitioners on unrequested leave of absence?

### ANALYSIS

#### 1a. *Lauralee Meyer*

■ Upon review, the school board's decision to place a teacher on unrequested leave may be set aside only if the decision is fraudulent, arbitrary, unreasonable, not supported by substantial record evidence, not within the school board's jurisdiction, or based on an erroneous theory of law. *Schmidt v. Independent School District No. 1*, 349 N.W.2d 563, 566 (Minn.Ct.App. 1984) (quoting *State ex rel. Dreyer v. Board of Education*, 344 N.W.2d 411, 413 (Minn.1984)).

Lauralee Meyer teaches within the office occupations curriculum. On the secondary level, this course was taught through a model office program and through an advanced office skills component. At the post-secondary level, office occupations was taught through a general course supplemented by specialty courses, such as legal secretary, medical secretary and word processing.

Because of lack of students, the model office program was discontinued. Instead, high school students are placed in post-secondary level classes. After secondary and post-secondary students were mixed in classes, one teaching position was dropped from the office occupations staff.

Meyer is precluded by the terms of her employment contract from bumping or having reassigned any other teachers. Petitioners are governed by a negotiated plan for unrequested leave of absence, provided for in Minn.Stat. § 125.12 6a (1984). The contract provides that seniority and qualifications are the determining factors in layoffs and recalls. (Contract § 10.2.1).

An employee is qualified if, in addition to having a state license on file in the personnel office, he or she has "a major or experience" in the field taught. Documentation of qualifications must be on file by January 1 of each year of the contract. The documentation must illustrate a minimum of nine consecutive months of full-time teaching experience in the subject area in the last five years. (Contract § 10.1.6).

An employee may not bump a less senior employee unless the bumping employee is licensed and qualified, and only if the license is on file in the personnel office no later than January 1 of each year of the contract.

Meyer had not taught on the secondary level and did not have a secondary license on file as of January 1, 1985. Therefore, she was neither qualified nor licensed as required by her contract.

#### 1b. *Michael Connelly and Charles Schletty*

■ Connelly and Schletty argue that the program change from "building trades" to "construction occupations" is cosmetic only. They argue that their respective positions in sheet metal working and painting and decorating are the same as the positions in the new construction occupations program and that their former positions were never really discontinued.

Before Connelly and Schletty were placed on unrequested leave of absence, the three separate components of the building trades program were taught by persons with three different licensures. Courses in painting and decorating and sheet metal

working were taught in rotation with carpentry.

Testimony indicated that there has been a sharp decline in student enrollment in the sheet metal working area, taught by Connelly and the painting and decorating area, taught by Schletty. In addition, the old building trades course did not conform to state requirements.

Therefore, the new "construction occupations" program was created. One instructor licensed in construction occupations can teach all of the construction occupations components.

Petitioners argue that their case is like that of *Krug v. Independent School District No. 16*, 293 N.W.2d 26 (Minn.1980). In that case, the board placed school nurse Krug on unrequested leave of absence, claiming it was discontinuing the "public health nurse" position. The court said there was no reasonable basis to create two positions, when the regulation created only the position of school nurse. *Id.* at 31.

This case is quite distinct. Different licensure is required for construction occupations than for the specialities possessed by Connelly and Schletty. Moreover, there was evidence that the new program is different than the old building trades program.

#### 1c. *Gary Mohn*

Mohn argues that his seniority should date from his initial hiring as an instructional aide, not from the date the school hired him as a teacher. According to his contract, seniority is determined by a combination of qualifications, licensure and date of hire. Mohn was clearly not licensed as a teacher on the date he was hired as an instructional aide.

#### DECISION

We affirm the school board's decision to place petitioners on unrequested leave of absence.