**BIWABIK FEDERATION OF TEACH-
ERS, AFT LOCAL UNION NO.
1303, Respondent,**

v.

**INDEPENDENT SCHOOL DISTRICT
NO. 693, BIWABIK, Minnesota,
Appellant.**

No. C6–90–1297.

Court of Appeals of Minnesota.

Dec. 31, 1990.

Review Denied March 21, 1991.

Richard L. Kaspari, Garber, Kaspari, Howard & Grostephan, St. Louis Park, for respondent.

John M. Colosimo, Greenberg, Colosimo & Patchin, Ltd., Virginia, for appellant.

Joseph E. Flynn, John J. O'Donnell, Knutson, Flynn, Hetland & Deans, St. Paul, for amicus curiae Minn. School Boards Ass'n.

Harley M. Ogata, Christina L. Clark, Roger L. Barrett, Minn. Educ. Ass'n, St. Paul, for amicus curiae Minn. Educ. Ass'n.

Considered and decided by SHORT, P.J., and LANSING, and GARDEBRING, JJ.

## OPINION

LANSING, Judge.

A teacher placed on unrequested leave of absence was reinstated to a percentage of her original position. Her subsequent request for additional reinstatement was denied by the school district, which claimed that she had failed to comply with the statutory notice requirement. We affirm the trial court's determination that the teacher's right to reinstatement according to Minn.Stat. § 125.12, subd. 6b(i) (Supp. 1989) was preserved.

## FACTS

Rose Antilla is a licensed, tenured physical education and health teacher who taught full time in Independent School District No. 693 from 1977 to 1988. In June 1988, the district placed her on unrequested leave of absence (ULA) to the extent of 1.0 full-time equivalent (FTE) position, effective at the end of the 1987–88 school year.

A part-time, 0.4 FTE position became available in May 1988 and had not been filled by July when the district entered into an interdistrict cooperation agreement. Antilla's bargaining representative, Biwabik Federation of Teachers (the union), and the district disagreed on how this position

should be filled, and the union filed a grievance in September 1988.

The grievance report did not refer to Antilla by name, although Antilla had indicated her desire to be reinstated by meeting with her immediate supervisor. The union filed the grievance shortly after Antilla's supervisor informed her in writing that her request for reinstatement had been denied.

In June 1989, the cooperating districts and the union settled the grievance. Their settlement agreement provided:

> For purposes of their substantive rights of assignment to teaching positions *to be filled during the 1989–1990 academic year,* the teachers named above shall be considered to have been reinstated from unrequested leave of absence (ULA) during the 1988–1989 school year to the following extent:
>
> Rose Antilla   0.2 FTE

(emphasis added).

Antilla did not resume teaching until the 1989–90 school year when she was reinstated to a 0.7 FTE position. After the school year began, another position opened. The union proposed a realignment which would have made Antilla a full-time employee. The school district rejected the proposal, claiming that Antilla's remaining reinstatement rights had terminated when she failed to make a written request for reinstatement before April 1, 1989.

Antilla's union filed a grievance on her behalf. The parties stipulated to resolve the grievance by a declaratory judgment action in district court. On cross-motions for summary judgment, the trial court decided in favor of the union, and the district appeals.

## ISSUE

Did participation in the grievance proceeding satisfy the written notice requirement for reinstatement under Minn.Stat. § 125.12, subd. 6b(i)?

## ANALYSIS

Minnesota law grants preferential reinstatement rights to teachers who have been placed on ULA when their previous positions are restored or when vacancies in similar positions occur. *See* Minn.Stat. § 125.12, subd. 6b(e). The statutory right to be reinstated is, however, limited. Specifically:

> The unrequested leave of absence of a teacher who is placed on unrequested leave of absence on or after January 1, 1978, and who is not reinstated shall continue for a period of five years, after which the right to reinstatement shall terminate; provided the teacher's right to reinstatement shall also terminate if a teacher fails to file with the board by April 1 of any year a written statement requesting reinstatement.

Minn.Stat. § 125.12, subd. 6b(i).

The parties acknowledge that there are no genuine issues of material fact. The union moved for summary judgment, arguing 1) Antilla was not required to make a written request for reinstatement because she already had been reinstated within the meaning of Minn.Stat. § 125.12, subd. 6b(i); or, in the alternative, 2) if a written request was required, the grievance filed in September 1988 which asserted her full reinstatement rights sufficed as such a request.

■ To preserve reinstatement rights under the statute, a teacher on ULA must provide the district a "written statement requesting reinstatement." Minn.Stat. § 125.12, subd. 6b(i). Although the notice must be written, no specific form is required. When a statute requiring notice does not specify the form that notice must take, the statute is satisfied if the notice is "sufficient to apprise one of ordinary intelligence." *City of Minneapolis v. Wurtele,* 291 N.W.2d 386, 392 (1980).

■ The grievance filed by the union was in writing and indisputably requested reinstatement. The district challenges the grievance's sufficiency to fulfill the notice requirement because it was not a personal request by Antilla for reinstatement for the following 1989–90 school year.

The district's arguments are not persuasive. The record contains written evi-

dence that the district knew of Antilla's involvement in the grievance procedure. More important, the settlement agreement not only refers to Antilla specifically, but also resolves the reinstatement dispute "for purposes of [the teachers'] substantive rights of assignment to teaching positions to be filled during the 1989–1990 academic year." The school district cannot claim that the grievance procedure did not adequately indicate Antilla's desire for full reinstatement.

The trial court reached the same conclusion but based its decision on its interpretation of "reinstated." Without agreeing or disagreeing with that holding, we do not reach that issue because we conclude Antilla's grievance satisfied any applicable requirement of notice for reinstatement. *See Northway v. Whiting*, 436 N.W.2d 796, 798 (Minn.App.1989) (summary judgment may be affirmed if there are no disputed issues of material fact and the decision is correct on other grounds).

## DECISION

Antilla gave the school district written notice of her wish to preserve her reinstatement right by filing the grievance in September 1988. Accordingly, we hold that Antilla's right to reinstatement was not terminated.

Affirmed.