**Robert MOHN, Relator,**

v.

**INDEPENDENT SCHOOL DISTRICT NO. 697, EVELETH, Minnesota, Respondent.**

No. C9–90–2217.

Court of Appeals of Minnesota.

June 18, 1991.

Review Denied Aug. 29, 1991.

Roger J. Aronson, Rischmiller, Wasche, Knippel, Rischmiller and Aronson, Minneapolis, for relator.

Scott C. Neff, Neff & Lager, Virginia, for respondent.

Considered and decided by FOLEY, P.J., and HUSPENI and AMUNDSON, JJ.

## OPINION

HUSPENI, Judge.

On writ of certiorari, relator Robert Mohn contends respondent Independent School District No. 697, Eveleth, Minnesota, wrongfully denied him reinstatement to a principal position. The school district argues Mohn waived any right to reinstatement when he unilaterally resigned as a teacher to take a job as a principal with another school district and Mohn's purported reservation of a right to reinstatement was invalid. We reverse.

## FACTS

Mohn began working for the Eveleth school district on August 2, 1974, and by 1986, he became a tenured junior high school principal.

In 1986, the Eveleth and Gilbert school districts entered into an interdistrict cooperation agreement under Minn.Stat. § 122.-541 (1986). Pursuant to the agreement, Eveleth discontinued grades 7, 8 and 9; Gilbert discontinued grades 10, 11 and 12. Eveleth operated a senior high school and Gilbert operated a junior high school. Each district continued to operate its elementary school separately. Although Mohn remained an Eveleth employee, he was assigned a junior high school principal position in Gilbert.

In April 1987, the school district discontinued the business administrator position held by Myron Fahey. On June 5, 1987, Fahey bumped Mohn based on a combined seniority list of secondary teachers of Eveleth and Gilbert. The district placed Mohn on unrequested leave of absence from his junior high school principal job and assigned him to a teaching job, which he held during the 1987–88 school year.

On July 12, 1988, having been offered a job as a principal in the Chisholm school district, Mohn tendered his resignation from the teaching job but sought to reserve his reinstatement rights to an administrative position. He was required to give the school district notice that he would not return as a teacher for the next school year or face sanctions for failure to report under Minn.Stat. § 125.12, subd. 8(c) (1986).

By letter of July 27, 1988, the school district replied that it did not intend to accept Mohn's resignation with a reservation of reinstatement rights. On August 9, 1988, the Eveleth school board voted to accept Mohn's resignation without reservation of his administrative reinstatement rights. On August 15, 1988, Mohn advised the Eveleth school district that he considered himself on unrequested leave of absence from an administrative position.

Mohn took the principal job in the Chisholm school district for the 1988–89 school year.

On December 6, 1988, Mohn requested reassignment by the Eveleth school district as a principal should a vacancy occur in the 1989–90 school year. Myron Fahey, the employee who bumped Mohn in 1987, resigned in the summer of 1989. The Eveleth school district, however, did not reinstate Mohn.

On August 9, 1989, Mohn commenced a declaratory judgment action against the school district. The trial court dismissed Mohn's complaint for lack of jurisdiction after the January 26, 1990 release of *Harms v. Independent School Dist. No. 300*, 450 N.W.2d 571 (Minn.1990). Mohn voluntarily dismissed his appeal to this court based on his reading of *Dokmo v. Independent School Dist. No. 11*, 459 N.W.2d 671, 673 (Minn.1990) (appellate review of school board decision limited to certiorari).

In the meantime, on August 14, 1990, the Eveleth and Gilbert school districts hired another person as junior high school principal in Gilbert. Mohn did not submit a written request for reinstatement in 1990 apart from his pending declaratory judgment action. Mohn filed a petition for certiorari on October 10, 1990, challenging the failure of the Eveleth school district to reinstate him to the position of principal on August 14, 1990.[1]

## ISSUES

1. Can a tenured principal resign from the teaching job to which he was assigned after he was bumped from his former principal job, take a job as a principal with a second unrelated school district and still retain a reinstatement right to a job as a principal with the first school district?

---

1. The dissent urges that Mohn's filing of the writ of certiorari was untimely. While this issue has not been addressed by either party, we recognize that jurisdictional matters may be raised at any time and upon the court's own authority. However, inasmuch as Mohn timely filed his petition within the 60 days after the district's most recent refusal to reinstate him, jurisdiction is appropriate. *See* Minn.Stat.

§ 606.01 (1988). This is not a situation where a school employee wants to displace someone who has long held the position to which entitlement is claimed. *Cf. Dokmo*, 459 N.W.2d at 677 (school districts need to make decisions expeditiously; declaratory judgment actions inappropriate in school cases because of the delay in proceeding through the courts).

2. Does a pending declaratory judgment action satisfy the statutory requirements of a demand for reinstatement?

## ANALYSIS

### I.

Mohn contends he could, as a tenured principal, resign from the teaching job to which he was assigned after he was bumped from his former principal job, take a job as a principal with a second unrelated school district and still retain a reinstatement right to a job as a principal with the first school district.

The nature of judicial review in a certiorari proceeding under Minn.Stat. § 125.12 is limited. The school board's decision * * * will not be heard de novo and will not be ·set aside by a reviewing court unless the decision is fraudulent, arbitrary, unreasonable, not supported by substantial evidence on the record, not within the school board's jurisdiction or based on an erroneous theory of law.

*Mohn v. Independent School Dist. No. 697,* 416 N.W.2d 494, 496 (Minn.App.1987) (*Mohn I* )[2] (quoting *Peck v. Independent School Dist. No. 16,* 348 N.W.2d 100, 101 (Minn.App.1984)), *pet. for rev. denied* (Minn. Feb. 17, 1988).

In this case of first impression, Mohn is alleging the school district proceeded under an erroneous theory of law. The parties agree this issue is not covered by a collective bargaining agreement and that this court should decide it based on statutory law.

Mohn was given the teaching job when he was bumped from the position of principal in accordance with Minn.Stat. § 125.12, subd. 6b (1988). Minn.Stat. § 125.12, subd. 6b(e) provides:

Teachers placed on unrequested leave of absence shall be reinstated to the positions from which they have been given leaves of absence or, if not available, to other available positions in the school

district in fields in which they are licensed.

Principals are included within the definition of teachers. Minn.Stat. § 125.12, subd. 1.

Under section 125.12, Mohn clearly had a right to reinstatement. He also clearly retained the right to seek reinstatement to a principal position even after taking the teaching position. *See Walter v. Independent School Dist. No. 457,* 323 N.W.2d 37, 43 (Minn.1982) (formerly full-time teacher is not "reinstated" when given part-time job).

Further, the school district has not challenged the assertion that Mohn had the right to refuse the teaching job when it was originally offered and still retain his right to reinstatement. That assertion finds support in Minn.Stat. § 125.12, subd. 6b(f) which provides that a teacher has 30 days to advise the school district whether the teacher wants reinstatement to a particular opening before a new teacher is appointed to that opening. Minn.Stat. § 125.12, subd. 6b(i) provides that a teacher's reinstatement right continues for five years.

Additionally, there is no statutory bar to Mohn working in another school district while on unrequested leave. Minn.Stat. § 125.12, subd. 6b(g) provides:

A teacher placed on unrequested leave of absence may engage in teaching or any other occupation during the period of this leave.

The school district argues Mohn's resignation is analogous to a request for a leave of absence. *See* Minn.Stat. § 125.60, subd. 6a (1988) (school board not obligated to reinstate teacher who takes position as a teacher in another Minnesota school district while on requested leave of absence). We cannot agree. Mohn's resignation from the teaching position was not tantamount to a request by him for a leave of absence. Instead, we conclude he remained on *unrequested* leave of absence at least to the

**2.** In *Mohn I,* Mohn appealed his placement on unrequested leave of absence from the principal position, contending Fahey had to bump an elementary principal in Gilbert with less seniority than Mohn. This court held Eveleth and

Gilbert could use a seniority list coextensive with the interdistrict cooperation agreement and Mohn's employment rights did not extend to a Gilbert elementary school not included in the interdistrict cooperation agreement.

extent that the teaching job did not fully reinstate him to the position of principal.

The school district also argues that Mohn's resignation from the teaching position constituted a resignation from a contract of continuing employment, which contract can be terminated in a limited number of ways. First, a contract for continuing employment can be terminated for cause. Minn.Stat. § 125.12, subds. 6 and 8. Next, it can end if a teacher is laid off and not recalled within five years. Minn.Stat. § 125.12, subd. 6b(i). Further, the school district and the teacher can agree to a mutual modification. Minn.Stat. § 125.12, subd. 4. Finally, the teacher may resign. *Id.*

The school district characterizes Mohn's resignation as a unilateral action. We do not believe, however, that Mohn attempted to unilaterally modify his continuing contract when he resigned from the teaching position. The school district had an obligation to reinstate Mohn to a principal position whether or not he had a teaching job. His resignation from the teaching job did not extinguish that obligation.

The school district's argument that Mohn's resignation from the teaching job would convert his continuing contract to a "limited" continuing contract is unpersuasive. While Mohn's act of resigning from the teaching position arguably might be deemed a waiver by him of his right to return to Eveleth for any position other than that of principal, that issue is not before this court and we do not address it.

■ Further, we are not persuaded that Mohn is estopped by waiver from asserting any employment right whatsoever with the Eveleth school district. "Waiver is the intentional relinquishment of a known right." *Vettleson v. Special School Dist. No. 1*, 361 N.W.2d 425, 428 (Minn. App.1985) (citing *Hauenstein & Bermeister, Inc. v. Met–Fab Indust., Inc.*, 320 N.W.2d 886, 892 (Minn.1982)). The waiver of tenure rights must be clearly intended. *Perry v. Independent School Dist. No. 696*, 297 Minn. 197, 207, 210 N.W.2d 283, 290 (Minn.1973). When Mohn resigned from the teaching job, he made it clear he did not intend to relinquish his right to be reinstated to a principal position.

■ The fundamental purpose of teacher tenure law is to protect "against summary administrative termination." *Rochester Educ. Ass'n v. Independent School Dist. No. 535*, 271 N.W.2d 311, 315 (Minn.1978). It is designed to benefit the public by protecting school employees who have proven their fitness, and should be construed liberally to effect that purpose. *McSherry v. City of St. Paul*, 202 Minn. 102, 111, 277 N.W. 541, 546 (1938) (quoting *State ex rel. Clark v. Stout*, 206 Ind. 58, 64–5, 187 N.E. 267, 269 (1933)). In view of these tenure rights, we cannot interpret the applicable law to require the harsh consequence that would befall Mohn if we affirmed the action of the school board.

■ In an analogous situation, the supreme court has said:

> If teachers may be considered "reinstated" upon accepting any job that the School Board offers, those teachers might find themselves in the difficult situation of being forced to choose between accepting a part-time job with a substantially reduced salary and rejecting the part-time position and remaining unemployed, with no more than the hope that a full-time position might eventually become available.

*Walter*, 323 N.W.2d at 43.

Here, under the result urged by the school board, Mohn (and others similarly situated) would have three choices: remain idle; accept and continue in a job that does not fully utilize his skills and abilities; *or* resign from a teaching position and utilize his proven capacity and qualification as a principal in another school district, but with the certain knowledge that such utilization would result in the sacrifice of all rights under his continuing contract of employment. We believe that Mohn's act of accepting the teaching position after he had been placed on unrequested leave of absence from his principalship is insufficient to exact the penalty that would befall him if the decision of the school board is upheld.

It may, indeed, be appropriate for the school board, in collective bargaining proceedings, to propose the restrictive interpretation of continuing contract rights it argues here. However, we do not believe it proper for this court to strain existing statutory and case law interpretation to reach that result. Because we find Mohn's act of informing the school district that he would not teach the next year was not a resignation of his continuing employment rights, we conclude he is entitled to reinstatement to the principal position that was denied him on August 14, 1990.

## II.

■ Finally, the school district contends Mohn's claim to reinstatement must fail because he did not timely file a written statement requesting reinstatement. *See* Minn.Stat. § 125.12, subd. 6b(i) (reinstatement right terminates if written statement requesting reinstatement not filed by April 1 of any year). We cannot agree. This court has found the filing of an arbitration grievance to be sufficient notice. *See Biwabik Fed'n of Teachers, AFT Local Union No. 1303 v. Independent School Dist. No. 693*, 464 N.W.2d 728, 729 (Minn.App. 1990), *pet. for rev. denied* (Minn. Mar. 21, 1991).

Here, Mohn's declaratory judgment action sought a determination of his right to reinstatement in the 1989–90 school year. Mohn did not dismiss his appeal of the trial court dismissal of his declaratory judgment action until December 1990. Under the analysis of *Biwabik*, we believe Mohn put the school district on sufficient notice of his continuing demand for reinstatement.

## DECISION

The school district's August 1990 refusal to reinstate Mohn to an available principal position was improper. Mohn retained reinstatement rights, preserved those rights by pursuing a declaratory judgment action and is entitled to the position.

Reversed.

FOLEY, Judge (dissenting).

I respectfully dissent. I do so because both the facts and the law raise issues that compel decision in favor of the school district. The majority appears to rest its decision on Minn.Stat. § 125.12, subd. 6b(g) (1990), which reads:

(g) A teacher placed on unrequested leave of absence may engage in teaching or any other occupation during the period of this leave;

While it is agreed that no collective bargaining contract is involved here, the decision cannot begin and end with recitation of the quoted statutory provision.

Mohn was a junior high school principal on unrequested leave. *See Mohn v. Independent School Dist. No. 697*, 416 N.W.2d 494 (Minn.App.1987). The Eveleth and Gilbert school districts had entered into an agreement under the Interdistrict Cooperation Act. *See* Minn.Stat. § 122.541 (1990). Mohn had been "bumped" from his position as junior high school principal at Gilbert where he had been assigned under the interdistrict arrangement. However, he still retained his right to a full-time teaching position in grades 7 through 12. Seniority allowed Gilbert to "bump" a less-senior teacher in a field for which he was licensed.

After teaching one year, Mohn sent the Eveleth school district the following letter:

I hereby tender my resignation from my teaching position with Independent School District No. 697.

I reserve my reinstatement rights to an administrative and/or principal position in Independent School District No. 697.

The legal effect of this letter is the heart of the issue on appeal. Mohn unilaterally decided to no longer teach under the Eveleth–Gilbert arrangement but instead "resigned" his position as a teacher and took a position as a principal in Chisholm. Chisholm was not part of the interdistrict arrangement between Eveleth and Gilbert. Mohn argues he is entitled to reinstatement in Eveleth–Gilbert as a principal (a position that opened after his resignation as a teacher and after he entered into a new contract with Chisholm).

Under the theory advanced by the majority, Mohn could work outside the school district and still retain his seniority in the Eveleth–Gilbert school district. *See* Minn. Stat. § 125.12, subd. 6b(g). I respectfully disagree. It is my view that when Mohn resigned as a teacher (and a school principal is included in the definition of the word "teacher" contained in Minn.Stat. § 125.03 (1990)), he gave up his seniority in Eveleth–Gilbert and could not partially retain his right to reinstatement as a principal. He could not divide his resignation.

Under the provisions of Minn.Stat. § 125.60, subds. 6a and 6b adopted in 1979, Eveleth–Gilbert was not obligated to reinstate Mohn on its seniority list. It reads:

Subd. 6a. No school board shall be obligated to reinstate a teacher who takes a full-time or part-time position as a teacher in another Minnesota school district while on an extended leave of absence pursuant to this section. This subdivision shall not apply to a teacher who is employed as a substitute teacher.

Subd. 6b. A school board shall not be obligated to reinstate a superintendent on an extended leave of absence pursuant to this section to a position in the district.

Minn.Stat. § 125.60, subds. 6a and 6b (1990). Mohn was not hired as a substitute principal in Chisholm and there is no claim here that he was. His position in Chisholm was full time. His rights as a teacher with tenure and seniority had been honored and Eveleth–Gilbert provided a teaching opportunity once he was bumped as a principal.

I reiterate that Minn.Stat. § 125.12, subd. 6b(g) would not control decision here. Minn.Stat. § 125.12, subd. 6b(g) and Minn. Stat. § 125.60, subds. 6a and 6b are not in conflict. The two can be harmonized. It seems to me that under Minn.Stat. § 125.-12, subd. 6b(g) a teacher on unrequested leave has a duty to mitigate damages. *See Stevens v. Independent School Dist. No. 271*, 296 Minn. 413, 415, 208 N.W.2d 866, 868 (1973). However, I do not read Minn. Stat. § 125.12, subd. 6b(g) as saying that after the Eveleth–Gilbert school district bumped Mohn as principal and provided him with a full-time teaching position in the cooperating district, he could unilaterally resign, take a full-time position in a separate and distinct school district without any acquiescence from Eveleth–Gilbert, and still expect to be reinstated as a principal later on by Eveleth–Gilbert.

Undoubtedly, if no employment was available in the school district where he was bumped as principal, he could seek employment elsewhere to mitigate damages while on unrequested leave. However, this was not such a case. Mohn's situation was probably not far different from the situation in *State ex rel. Dreyer v. Board of Educ. of Indep. School Dist. No. 542*, 344 N.W.2d 411 (Minn.1984), where an elementary principal was placed on unrequested leave. There, the supreme court held:

Although technically an unrequested leave of absence proceeding, Dreyer was not actually leaving employment because, fortuitously, at the time of his placement on unrequested leave, a full-time elementary teacher vacancy occurred.

*Id.* at 413. *Dreyer* did not involve "bumping" or "realignment" of other teachers.

Here, Mohn's teaching position in grades 7–12 was not affected by his being bumped from his position as a principal. *See Mohn*, 416 N.W.2d at 497. He could be bumped and still retain full-time teaching rights in Eveleth–Gilbert by bumping a less senior teacher. Thus, he had no reason to go to Chisholm to mitigate damages. He voluntarily gave up his tenured rights under Minn.Stat. § 125.12 to establish new rights in a separate district.

The new relationship created by Mohn in the Chisholm school district should place no mandatory requirement on the Eveleth–Gilbert school district to rehire Mohn. To reiterate, the school district should be able to rely on Minn.Stat. § 125.60, subds. 6a and 6b in refusing to rehire Mohn.

It is established law in Minnesota that rights guaranteed by the teacher tenure statute may be waived. *See Jerviss v. Independent School Dist. No. 294*, 273 N.W.2d 638, 645 (Minn.1978); *State ex rel.*

*Johnson v. Independent School Dist. No. 810,* 260 Minn. 237, 246, 109 N.W.2d 596, 602 (1961). I respectfully submit that is what Mohn did here, and he should be estopped from claiming reinstatement.

To grant Mohn the right to forego a full-tenured teaching position in Eveleth–Gilbert (where he retained his seniority for return to a principal position) and unilaterally enter into a new contractual relationship in Chisholm, gives greater protection to Mohn than what the statute contemplates. Mohn cannot have it both ways. No act of the Eveleth–Gilbert school district made it necessary for Mohn to seek employment in any other district. By resigning his teacher rights in Eveleth–Gilbert and accepting and performing full-time employment in Chisholm, Mohn has abandoned his tenured rights in Eveleth–Gilbert. *See* Annotation, *Termination of Teacher's Tenure Status by Resignation,* 9 A.L.R.4th 729, 746, 749 (1981) (cases therein cited supportive of the views expressed in this dissent).

Finally, I contend that Mohn's October 10, 1990 petition for writ of certiorari concerning the failure of the Eveleth–Gilbert school district to reinstate him to the position of principal is untimely. The school district initially decided to accept Mohn's resignation without reserving his reinstatement rights on August 9, 1988. It first refused to reinstate Mohn in 1989, when a principal position opened.

In August 1989, Mohn commenced a declaratory judgment action against the school district. The trial court dismissed Mohn's complaint for lack of jurisdiction following the supreme court decision in *Harms v. Independent School Dist. No. 300,* 450 N.W.2d 571 (Minn.1990). Mohn appealed but voluntarily dismissed his appeal based on the holding by the supreme court that appellate review of school matters must be by writ of certiorari. *See Dokmo v. Independent School Dist. No. 11,* 459 N.W.2d 671 (Minn.1990). In August 1990, Eveleth–Gilbert hired a junior high school principal in Gilbert. Mohn seeks review of that action.

It is my view that Mohn should have sought review of the school district's action in 1988 when it accepted his resignation as a teacher but refused to reserve reinstatement rights as a principal. Having failed to do so, his present suit is untimely. The writ of certiorari should be quashed and the action of the Eveleth–Gilbert school district affirmed.